## Clark *versus* Smith.

A parol contract, which, if valid and reduced to writing, might be construed to give a life estate to the grantee, remainder in fee to his wife, being unwritten, is within the Statute of Frauds, and has only the force and effect of a lease at will.

Where no certain term is agreed upon, tenancies at will are now construed to be tenancies from year to year; and by the Act of 1772, the like notice to quit must be given to such tenants, as in estates for years.

A tenancy at will exists in Pennsylvania only in name, and is in effect a tenancy from year to year.

Where a tenant under a parol agreement is in possession of a close, and no certain term is stipulated, the landlord has not such a possession, before entry upon the premises, as will entitle him to maintain an action of trespass *quare clausum fregit.*

ERROR to the Common Pleas of *Warren county.*

This was an action of trespass *quare clausum fregit.*

The plaintiff showed title to the close in himself, and possession till about three years previously to the commencement of this suit, when he told his son-in-law, Donegan, that he might go on the land and live—that he would help him, and would will it to his wife. This was in the winter, and, in the spring, the son-in-law moved upon the land. The plaintiff built the cellar, and assisted in putting up a barn. Donegan paid taxes and remained in possession, but never paid anything for the land.

The defendant, C. Smith, was the road-master in 1852, and, without authority, removed the road through the premises, from two to four rods east of its former site, for a distance of twenty rods, and made a turnpike road through the plaintiff's improvement occupied by his son-in-law; and this, with other matters set out in the declaration, constituted the trespass complained of.

The only question in the case was whether the owner of land, not in actual possession before entry upon his tenant at will, could maintain trespass.

*Brown,* for plaintiff in error.—The possession of tenant at will may be considered either in the lessor or lessee, and, therefore, either may maintain trespass : *Co. Litt.* 57 a, note.

Donegan is nothing but a tenant at will. A parol gift is re-

garded as a purchase, and the donee, like any other purchaser, must prove the contract: 7 *Harris* 461. No contract of sale is pretended. He was in possession by license from plaintiff. It has not the requisites enumerated in Moore *v.* Small, and Wood *v.* Farmare, 10 *Watts* 195. The counsel further cited Wrack *v.* Sorber, 2 *Wh.* 390; Eckert *v.* Mace, 3 *P. R.* 364. If Donegan took possession under an expectation or promise that the land would be devised to his wife, he had no other estate than a tenancy at will, and was liable to be dispossessed by plaintiff; but, with the right of entry to secure the emblements after a lease has expired by its own limitation, the lessee is a mere tenant at will : Overdeer *v.* Lewis, 1 *W. & Ser.* 90.

The opinion of the Court was delivered by

LEWIS, C. J.—The rule of this Court requires that, "when an error is assigned to the charge of the Court, the part of the charge referred to must be quoted *totidem verbis* in the specification :" 6 *Harris* 578. An assignment that "the Court erred in the answer" to a particular point, without specifying either the point itself, or the part of the answer complained of, is not a specification of error according to the rule. In this case all the assignments of error, except the first, are of this vague character, and we pass them without further notice, and proceed to consider the only error properly assigned.

This is an action of trespass *quare clausum fregit*, brought by Clark against Smith, for an injury to the freehold. The land, at the time of the injury, was in possession of Donegan, the son-in-law of Clark, under a parol contract, which, if valid, might be construed to give a life estate to Donegan, remainder in fee simple to his wife. It may be conceded that, under the statute of frauds, this contract, being without writing, comes within the provision that such contracts "are to have the effect of a lease at will only." As there was no entry, nor any other act by Clark to terminate the estate of Donegan, his possession and estate continued to the time of the trial in the condition it was in at the time the alleged trespass was committed. There is no doubt that Clark could maintain an action *on the case* for an injury to his freehold; but the question is whether he can maintain the present action of *trespass*. We are aware of the ability with which the affirmative of this proposition has been maintained *in* Massachusetts, both in regard to estates at will created by the contract of the parties, (Starr *v.* Jackson, 11 *Mass.* 519,) and those created by statute out of a contract which is void because not in writing (Hingham *v.* Sprague, 15 *Pick.* 102.) But we find it laid down in the professional horn-book, without qualification, and without any exception in favour of the lessor of a tenant at will, that the plaintiff must have a property either absolute or temporary in the

[Clark *v.* Smith.]

soil, *and actual possession by entry*, to be able to maintain an action of *trespass :* 3 *Bl. Comm.* 210.   And Mr. Chitty, in his valuable and carefully prepared work on Pleading, tells us that "there is a material distinction between personal and real property" in this respect, and that "in the first case the general property draws to it the possession sufficiently to enable the owner to support trespass, though he has never been in possession; but, in the case of land and other real property, there is *no such constructive possession*, and, unless the plaintiff had the *actual possession* at the time when the injury was committed, he cannot, before entry, support this action :" 1 *Chitty's Pleading* 177.   When there is no actual possession in another, the owner is of course to be deemed in actual possession : 3 *Ser. & R.* 513.   But, "before *entry* and *actual* possession," a parson cannot maintain trespass, though he hath the freehold in law, as a parson before induction, or a conusee of a fine, or a purchaser by lease and release, or a bargainee, or an heir, or a devisee, or a lessee for years, or a disseisee, for an injury after the disseisin : Liford's Case, 11 *Coke* 51; Lutwick *v.* Milton, *Cro. Jac.* 604; 1 *Chitty's Pl.* 177, and cases there cited.   The principle is stated in general terms, without any exception in favour of a lessor at will.   But on the other hand we are told that a tenant at will, as well as a tenant at sufferance, and for years, may himself maintain this action : 2 *Roll. Abr.* 551; *Sid.* 347; 1 *Chitty's Pl.* 176.   In Pennsylvania it is stated that there is no *constructive* possession in such a case; 3 *Ser. & R.* 517; and, in terms still more emphatic, it is declared that the owner of land can "*in no case* maintain an action of trespass, for a trespass committed upon it whilst it is in the possession of another :" Greber *v.* Kleckner, 2 *Barr* 291.   In New York, the case of Campbell *v.* Arnold, 1 *Johns.* 511, holds the same general language.   That case appears to have been that of a possession in the tenant at will, and it was held that the landlord could not maintain the action.   Why should a lessor at will be made an exception to the rule?   The only reasons assigned are, first, that the possession of the tenant is the possession of the landlord, and second, that the landlord's right to take immediate possession is equal to actual possession.   There is nothing substantial in the first reason, because the authorities expressly declare that a *constructive* possession is not sufficient to maintain trespass, and because the argument proves entirely too much. The possession of every tenant, whether for years or at will, is by construction the possession of the lessor; and, therefore, the landlord might, upon this principle, maintain trespass in all cases without regard to the actual possession of his tenant, or the duration of his term.   The second reason is equally objectionable, because it would sustain trespass at the suit of a disseisee, and every other person who had a right of entry.   Besides, the lessor at

[Clark *v.* Smith.]

will has not the absolute right, which has been supposed, to dispossess his tenant without notice, and without giving him a reasonable time to take the emblements, and remove his other property : 4 *Kent's Com.* 111 ; 17 *Mass.* 287 ; 1 *Pick.* 49. A tenant at will, in the strict sense of the term, may, in some cases, still exist in England : 4 *Taunt.* 128 ; 14 *Mees. & Wels.* 675 ; but even there it was said by WILMOT, J., that " they have been found so inconvenient that they exist only nominally." Timmins *v.* Rowhson, 3 *Burrow* 1603. A tenant by copyhold is strictly a tenant at will, but we all know that a regard for human rights, and for the interests of agriculture, has raised this tenure into a permanent interest in the soil, which the lord cannot wantonly disregard at his pleasure. The same causes, operating in this country with greater energy, have performed the same services for the tenant at will. Chancellor KENT expressed but a simple historical fact when he stated that " estates at will, in the strict sense, have become almost extinguished by judicial decisions," and that where no certain term is agreed on, they are construed to be tenants *from year to year*, and each party is bound to give the other reasonable notice of an intention to terminate the estate : 4 *Kent's Com.* 111, 112. Our statute of 1772 puts tenants at will on precisely the same footing as tenants for years, in regard to the landlord's duty to give notice to quit : *Dunlop* 111. And our judicial learning is evidently in the same direction. Judge DUNCAN declares that " *it is agreed* that a tenancy at will *exists* only *nominally*, and is *in fact* a tenancy from year to year :" Logan *v.* Herron, 8 *Ser. & R.* 473. Even the tenancy at will, created by the statutes of frauds and perjuries out of a void parol gift or sale, has, in the country from which we derive both the statute itself and its construction, been expressly decided to be a tenancy from year to year : Clayton *v.* Blakey, 8 *T. R.* 3. This construction accords with our usages, and with the spirit of our institutions. It is most conducive to the interests of all parties to the contract, and we hold it to be the law of Pennsylvania. We are therefore of opinion that the plaintiff below had not such a possession of the premises as entitled him before entry to maintain trespass *quare clausum fregit*.

Judgment affirmed.