# Pickering, Appellant, *v.* O'Brien.

*Landlord and tenant—Lease—Written instrument.*

No particular words are necessary to constitute a lease, or to create the relation of landlord and tenant. Any language by which the possession is transferred for a limited time, for a stipulated return, creates a tenancy and is in effect a lease.

Where an owner of land gives by an instrument in writing to another, the right to erect and maintain bill boards on the land mentioned in the writing, for one year, with the right of continuance thereafter from year to year, the relation of landlord and tenant is created by the writing, and if the tenant continues to maintain the bill boards on the land after the termination of the first year, he is a tenant from year to year, and is entitled to three months' notice to quit before the close of the year.

Argued April 13, 1903. Appeal, No. 46, April T., 1903, by plaintiff, from decree of C. P. No. 2, Allegheny Co., July T., 1901, No. 624, on bill in equity in case of M. H. Pickering v.

G. G. O'Brien.  Before RICE, P. J., BEAVER, ORLADY, SMITH, W. D. PORTER, MORRISON and HENDERSON, JJ.   Affirmed.

Bill in equity for an injunction.

The court below found the facts to be as follows:

### FINDINGS OF FACT.

1. The bill in this case was a bill for an injunction, brought by M. H. Pickering, against G. G. O'Brien, to enjoin and restrain O'Brien, his agents and employees, from entering in or upon certain premises, being vacant lots, situated in the fourteenth ward of the city of Pittsburg, on the southerly side of Fifth avenue near Robinson street, and from defacing and obliterating signs and advertisements placed upon said premises by said Pickering, or in any way interfering with plaintiff in painting upon said premises, bulletin or bill boards the signs or advertisements of plaintiff.

2. It appears that about eight years ago one B. L. Ruse was owner or lessee of said premises, and about that time said Ruse entered into a written lease with G. G. O'Brien, defendant, for the use of so much of said premises as defendant might require to erect and maintain sign boards, at an annual rental of $20.00. This lease was from year to year.

3. Defendant entered upon said premises in pursuance of said lease and at considerable cost and expense erected sign boards thereon, and the same have been maintained and used by defendant until at or shortly before the institution of this action.

4. Said Ruse died about the year 1897, and defendant made payment of the rental to said Ruse until his death.  Shortly thereafter one J. W. Fisher, who was then and is now the lessee of said premises, entered into a verbal agreement with defendant to continue his tenancy for defendant's sign boards, and thereafter defendant paid his rentals for said premises to said Fisher.

5. On March 11, 1901, defendant made a payment of rental to said Fisher for said premises, the receipt for which reads as follows: " By rental of bulletin space at 2615 Fifth avenue, for six months, November 1, 1900, to May 1, 1901, $10.00."

6. On March 27, 1901, said Fisher, by written agreement or

lease, granted to M. H. Pickering, plaintiff, the exclusive right to erect, paint and maintain signs on said premises for the term of one year from May 1, 1901.

7. On or shortly after March 27, 1901, said Fisher gave written notice to defendant to remove his sign boards off the premises by May 1, 1901. And defendant was again notified to the same effect on May 1, 1901, and on May 20, 1901, plaintiff took possession of said premises and the sign boards of defendant and obliterated defendant's signs and painted thereon the signs or advertisements of plaintiff. No notice to quit, other than the notice above mentioned, was given to or served on defendant.

8. Defendant had painted upon said sign boards a number of signs upon the faith of his lease for various persons under contracts to continue and maintain them for a considerable term after May 1, 1901.

### CONCLUSIONS OF LAW.

1. Defendant was a tenant under a parol lease from year to year, of the premises, for the purpose of erecting and maintaining sign boards.

2. Notice to quit, not having been given to defendant three months before the expiration of his year ending May 1, 1901, was too late and the defendant has the right to hold the premises, as tenant for said purposes, for the year ending May 1, 1902.

3. The bill should be dismissed at the cost of the plaintiff.

*Error assigned* was decree dismissing the bill.

*James T. Buchanan,* for appellant.—License, as a term of real estate law, is an authority to do a particular act or series of acts upon another's land without possessing any estate therein : Cooke v. Stearns, 11 Mass. 533 ; Baldwin v. Taylor, 166 Pa. 507 ; Callen v. Hilty, 14 Pa. 286 ; White v. Maynard, 111 Mass. 250 ; Gilmore v. Wilson, 53 Pa. 194.

A license is not converted into a contract giving an irrevocable interest in land by the mere fact that a consideration was agreed to be paid for it. The rule that a license to do something on the licensor's land, followed by expenditure on the faith

of it, is irrevocable rests on estoppel because the parties cannot be placed in statu quo: Huff v. McCauley, 53 Pa. 206; Gilmore v. Wilson, 53 Pa. 194; Baldwin v. Taylor, 166 Pa. 507; Com. v. Pittsburg & Connellsville R. R. Co., 24 Pa. 159; Warren & Franklin Ry. Co. v. Clarion Land Co., 54 Pa. 28; Walters v. McElroy, 151 Pa. 549.

*A. B. Reid*, with him *A. V. D. Watterson*, for appellee.— The right to build and maintain these bill boards was more than a revocable license.   Expenditures had been made upon the faith of the privilege, license or lease, and it could not be revoked at will: Huff v. McCauley, 53 Pa. 206; LeFevre v. LeFevre, 4 S. & R. 241; Rerick v. Kern, 14 S. & R. 267; McKellip v. McIlhenny, 4 Watts, 317; Lacy v. Arnett, 33 Pa. 169.

It is immaterial what form of words be used, even though the term license or privilege be the expression.   Such terms will not prevent the right becoming a lease if the indicia of a lease be present and the parties so intended it: Moore v. Miller, 8 Pa. 272; Bussman v. Ganster, 72 Pa. 285; Watson v. O'Hern, 6 Watts, 362–368.

Where the grantee of the right or privilege is to have possession for a specified term at an agreed rate, it is a lease: Steel v. Frick, 56 Pa. 172.

A license to erect fixtures upon the land of another, executed, gives the right of possession to control, repair and protect the fixtures against the owner of the fee: Wilson v. Chalfant, 15 Ohio, 248.

Space to maintain a sign or showcase was held to be subject of a lease and to be irrevocable by lessor: Snyder v. Hersberg, 11 Phila. 200.

OPINION BY SMITH, J., May 22, 1902:

The written agreement between Russe and O'Brien, having been destroyed or mislaid, secondary evidence of its contents was introduced.   From this evidence it appears that Russe, in consideration of $20.00 a year, gave O'Brien, the right to erect and maintain billboards on the land mentioned in the agreement, for one year, with the right of continuance thereafter from year to year.   Pursuant to this agreement, O'Brien erected the boards, and maintained them for about eight years under

Russe and his successor in title.   March 27, 1901, he received from the latter notice to remove his boards by May 1, 1901. The question here is whether his rights under the agreement were terminated by this notice or otherwise ended on the latter date.

It is not material whether the agreement is called a lease, a license or a privilege.   The rights of the parties do not depend on the descriptive name applied to it by either, but on the legal effect of its provisions.   No particular words are necessary to constitute a lease, or to create the relation of landlord and tenant.   Any language by which the possession is transferred for a limited time, for a stipulated return, creates a tenancy and is in effect a lease.   Here, the agreement, in giving the defendant the right to maintain the boards, necessarily gave him the right to occupy the quantum of land required for such maintenance.   It gave him an estate in the land thus occupied, for one year certain, and thereafter from year to year.   In legal effect, therefore, it was a demise of the land occupied, and established between the parties the relation of lessor and lessee.   The lessor evidently regarded it in this light, since in his receipts he describes the price paid as "rent" or "rental," and in his notice designed to end the tenancy he required the defendant to remove his boards from "the land leased off me."

The tenancy having become one from year to year, the lessor could determine it only by notice to quit given three months before the close of a year.   The year ended May 1.   The notice was given March 27.   Being less than three months before the end of the current year, it was insufficient to end the tenancy, even if sufficient in terms.   When the lessor, on March 27, 1901, made the agreement under which the plaintiff claims, the defendant had the right to remain in possession for a year from the first of May following.

Judgment affirmed.