# Spring *v.* Lorimer, Appellant.

*Landlord and tenant—Lease—Term.*

In an action for rent it appeared that defendant entered into possession of the premises for which the rent was claimed on November 1, 1896, having bought out the business of a tenant who was in possession under a lease from year to year, terminating on May 1st. This lease provided that the assignment thereof worked a forfeiture. On February 17, 1897, the plaintiff and defendant entered into a written agreement, by which the defendant agreed to pay an increased rental in monthly instalments from November 1, 1896, and assume all the covenants of the lease to his vendor. The agreement recited the term of the lease as commencing May 1, 1896. The agreement finally concluded that the defendant "on paying the said rent, and performing the covenants aforesaid shall and may peaceably have, hold and enjoy the said premises for the term aforesaid." This concluding sentence contained the only reference to a definite term. *Held,* that the term referred to was the term commencing May 1, 1896, and that there was no intention to create a new term beginning November 1st.

Argued Oct. 16, 1904. Appeal, No. 159, Oct. T., 1903, by defendant, from order C. P. No. 1, Phila. Co., March T., 1903, No. 4178, making absolute rule for judgment for want of a sufficient affidavit of defense in case of Amasa Spring v. John H. Lorimer. Before RICE, P. J., BEAVER, ORLADY, SMITH, PORTER, MORRISON and HENDERSON, JJ. Affirmed.

Assumpsit for rent.

Rule for judgment for want of a sufficient affidavit of defense. The opinion of the Superior Court states the case.

*Error assigned* was the order of the court.

*Henry Budd,* with him *Arthur H. Scherer,* for appellant.— The contract between the parties must be looked for only in the writing of February 17, 1897. That contract cannot be altered by parol, and the terms of any other writing become a part thereof only if expressly made a part of it by reference : Dickson v. Hartman Mfg. Co., 179 Pa. 343.

*Owen B. Jenkins,* for appellee.—Appellee's agreement with appellant was simply intended (1) to recognize appellant as tenant in place of the scaffold company, under a lease first made

with Dawson, (2) to provide for the payment of $706.50 by appellant to appellee, and (3) to secure an enhanced rent from a certain date without any alteration of the term.

OPINION BY PORTER, J., July 28, 1904:

The court below made absolute a rule for judgment for want of a sufficient affidavit of defense, from which order the defendant appeals. The action was brought to recover an unpaid balance owing for the rent of a house in the city of New York. The plaintiff's statement set forth in detail the circumstances under which the tenancy arose, and the material facts are not denied by the affidavit of defense. The plaintiff, on March 28, 1893, entered into a written agreement with one William Dawson leasing the house for the term of one year from the first day of May, 1893, at a yearly rental of $1,020, to be paid in equal monthly payments in advance. Dawson held over after the expiration of the original term and continued to occupy the premises, as tenant from year to year, under the same lease, until January 1, 1896, when with the consent of the plaintiff he made a verbal assignment of the lease to the Security Scaffold Company. Dawson thereupon released possession of the premises and the Security Scaffold Company took possession of the same, agreeing at the same time to hold as the lessees of plaintiff under the terms, conditions and covenants of the lease between the plaintiff and Dawson, except that it, the said Security Scaffold Company, should be the lessee of said premises instead of said Dawson. The Security Scaffold Company occupied the premises during the remainder of the current term which ended on May 1, 1896, and entering upon a new term continued in possession until November 1, of the same year, when it sold out its business to the defendant who assumed its liabilities and covenants under the said lease and at the same time took possession of the premises. The original lease contained a covenant that an assignment thereof without the consent of the lessor worked a forfeiture, but Lorimer continued to occupy the house, without having obtained the consent of the lessor to the assignment, until February 17, 1897. The plaintiff and defendant, upon the day last mentioned, entered into a written agreement with regard to the subject-matter, upon the construction of which the amount which the plaintiff is entitled to recover is now de-

pendent. If that agreement simply operated to substitute the defendant as lessee for the current term at an increased rental the plaintiff is entitled to recover the amount for which the court below entered judgment; but if its effect was to create a new term for one year beginning November 1, 1896, the liability of the defendant for rent ceased on November 1, 1897, and the judgment is excessive in the amount of $600. The agreement in question recited that Lorimer had assumed all the liabilities and covenants of the Scaffold Company " under a certain lease of the premises No. 254 West Twenty-ninth street, New York City, for the term commencing May 1st, 1896 ;" that he desired to continue to occupy the premises and was willing to pay as rent $1,200 per annum in equal monthly installments. These are declarations of what he had done and was willing to do, and are evidenced by his signature under seal ; the covenants of the agreement then follow. Lorimer agreed to pay the amount of rent for which the Scaffold Company was in arrear, and agreed to assume all the covenants and liabilities of the Scaffold Company " under the said lease." As to his own occupancy of the premises this was his covenant : " I do hereby hire of the said Spring the said premises . . . . upon the same terms and conditions made and entered into by said company with Spring, except that the annual rent of the said premises shall be after the rate of $1,200 per annum, and I do hereby covenant and agree to pay the same in equal monthly instalments of $100 in advance on the first day of each and every month from the first day of November, 1896." This covenant did not create a new tenancy for a year, it did not in itself fix any definite period for the duration of the tenancy. The defendant did not agree to pay an annual rental of $1,200 ; his undertaking was to pay " after the rate of $1,200 per annum." All the terms and conditions of the original lease were left in force, except the rate at which the rent was to be paid. The written agreement of Spring concludes with the covenants upon the part of Spring to " let unto the said Lorimer the said premises . . . . upon the same terms and conditions made and entered into by the said Security Scaffold Company, with me, except that the annual rental of the said premises shall be from the first day of November, 1896, at and after the rate of twelve hundred dollars per annum, and I do

hereby covenant that the said Lorimer, on paying the said rent and performing the covenants aforesaid, shall and may peaceably have, hold and enjoy the said premises for the term aforesaid." This concluding sentence contains the only reference to a definite term which appears in the express covenants of this agreement, and the words " term aforesaid " could only refer to the term designated in the recitals of the agreement which precede the covenants, viz: " the term commencing May 1, 1896." The manifest intention of the parties, to be gathered from all the provisions of this agreement, was to substitute Lorimer as tenant during the remainder of the term for which the Scaffold Company had held, to change the rate of rental for the unexpired portion of the term, and to leave all the other covenants of the lease, including the time at which it was to end, in force. Lorimer continued to occupy the premises after the end of the term, and having entered upon a new term he became bound for another year: Pickering v. O'Brien, 23 Pa. Superior Ct. 125.

The judgment is affirmed.