# Hollidaysburg Male & Female Seminary Company *v.* Gray, Appellant.

*Landlord and tenant—Lease—Notice to vacate—Reservation of right of sale.*

Where a lease creates a term of three years with privilege in the lessee to continue from year to year, and reserves to the lessor a right to sell the premises at any time after the termination of the three years, a further provision that in the event of such sale the lessee should have written notice to vacate at least four months and eighteen days before the end of the current year, does not deprive the landlord of his right to terminate the lease, if he does not sell, in any year upon giving the usual three months' notice to quit.

Argued Oct. 28, 1913.   Appeal, No. 270, Oct. T., 1913, by defendant, from judgment of C. P. Blair Co., March Term, 1912, No. 337, on verdict for plaintiff in case of Hollidaysburg Male & Female Seminary Company v. Charlotte C. Gray.   Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD and PORTER, JJ.   Affirmed.

Appeal from judgment of justice of the peace in proceedings by a landlord for possession under the act of December 14, 1863.   Before REED, P. J., specially presiding.

From the record it appeared that on June 7, 1906, the plaintiff by an instrument in writing leased to the defendant certain property in the borough of Hollidaysburg, as follows:

"Bounded on the north by Spruce street, on the east by Penn street, on the south by Walnut street and property of John W. Mentzer, and on the west by property of John W. Mentzer and Union street, together with all the buildings and improvements thereon erected, known as The Hollidaysburg Male and Female Seminary Company property, for the term of three years, commencing with the 18th day of July, 1906, and ending with the 18th day of July, 1909, with the privilege and option however, to the said party of the second part to continue this lease from year to year thereafter. The party of the first part hereto, hereby reserves the right to sell the property hereby leased, at any time after July 18th, 1909, and in the event of such a sale, a written notice thereof to be served upon the party of the second part between the 18th day of July of any year after July 18th, 1909, and March 1st of the succeeding year and party of the second part shall vacate said premises on the 18th day of July following said 1st day of March.

"In consideration whereof, the said Charlotte C. Gray, party of the second part hereto, covenants and agrees to pay to the said party of the first hereto a

yearly rental of $1,445, in quarterly payments of $361.25 at the expiration of each quarter, to wit: on the 18th day of October, January, April and July of each year during the term of this lease."

On February 28, 1910, the plaintiff without having sold the property served notice on the defendant, that at the expiration of that year, to wit, July 18, 1910, they desired her to vacate the premises. She did not comply with the notice, and these proceedings were instituted.

The court charged in part as follows:

[It is contended here on the part of the defendant that inasmuch as she had the privilege and option to occupy this property from year to year after the expiration of the definite term of the original lease, that she could not be dispossessed of the property, in other words, that she had an indefinite lease of the property; that she had by the terms of the lease the right and privilege to prolong this lease just as long as she wanted to occupy the property.] [1]

[I think, however, this contention proves too much. It takes two persons to make a contract,—at least two persons to make a contract and when the contract is made or consummated, it must be binding and obligatory upon both parties, and if her contention here is correct, then this lease would be binding upon her also, as well as upon the Seminary Company, on this option to occupy the property from year to year after the expiration of her lease, and the Seminary Company could hold her for the lease of the premises indefinitely to the termination of her life. If the option was only to be exercised in her interest and for her benefit, then it would be void for want of mutuality, it would only be binding upon the Seminary Company, at her election, and the Seminary Company would not be able to enforce anything against her. She could move out when she pleased, but the Seminary Company could never put her out under this construction of the lease. We say

to you that that construction of this lease cannot appertain in law.] [2]

[The law fixes the privilege of effect of the lease of that character.  Either party under a lease of that character may terminate it at the end of any year by giving the three months' notice which the law requires and therefore the Seminary Company could elect to terminate this lease at the expiration of the first year under the exercise of this option by the defendant, and they did so elect, and gave the requisite notice of their intention to have the lease terminated at that time, and we say to you that that did terminate the lease and give to the Seminary Company the right to the premises described in it.] [3]

It appears that the defendant did not vacate the property and surrender possession of it to the Seminary Company on the eighteenth of July, as she was required to do by the notice served upon her and by the construction which the court places upon this lease, and therefore the plaintiff in this action contends that it is not only entitled to a verdict here in its favor for the demised or leased premises, but it is also entitled to recover damages for the time that she held possession of the leased premises beyond the expiration of her term, or between July 18, 1910, when her term expired and September 12, 1910, when she vacated the premises, and we say to you that this contention of the plaintiff is correct.

Verdict and judgment for plaintiff for the demised premises.  Defendant appealed.

*Errors assigned* were (1–3) above instructions, quoting them.

*W. C. Fletcher,* for appellant, cited: Lane v. Nelson, 7 Kulp, 286; Kaufmann v. Liggett, 209 Pa. 87; Com. v. Sheriff of Phila. County, 3 Brewster, 537; Lesley v. Randolph, 4 Rawle, 123; Myers v. Kingston Coal Co., 126 Pa. 582.

*O. H. Hewitt*, with him *W. I. Woodstock*, for appellee,
cited: Tischner v. Rutledge, 77 Pac. Repr. 388; Thomas
v. Wright, 9 S. & R. 87; Woelpper v. Philadelphia, 38
Pa. 203; Heck v. Borda, 3 Sadler, 324; Pickering v.
O'Brien, 23 Pa. Superior Ct. 125; Jones v. Nixon,
1 Hurlstone & Coltman, 48; Fox v. Nathans, 32
Conn. 348; Miller v. Levi, 44 N. Y. 489; Gunsenhiser
v. Binder, 92 N. E. Rep. 705.

OPINION BY RICE, P. J., February 20, 1914:

The plaintiff leased to the defendant the property
"known as the Holidaysburg Male and Female Semin-
ary Company property, for the term of three years com-
mencing with the 18th day of July, 1906, and ending
with the 18th day of July, 1909, with the privilege and
option however, to the said party of the second part to
continue this lease from year to year thereafter." Then
follows this clause: "The party of the first part hereto,
hereby reserves the right to sell the property, hereby
leased, at any time after July 18, 1909, and in the
event of such sale, a written notice thereof to be served
upon the party of the second part between the 18th day
of July of any year after July 18, 1909, and March 1st
of the succeeding year and party of the second part
shall vacate said premises on the 18th day of July
following said 1st day of March." The defendant re-
mained in possession, after the expiration of the three
years' term, as she had the right to do, for another year,
but did not vacate the premises at the end of the addi-
tional year (July 18, 1910), pursuant to the notices
given on February 28 and April 18 preceding. There-
upon the plaintiff instituted possessory proceedings
before a justice of the peace under the act of 1863.
The defendant appealed from the justice's judgment,
and, after verdict and judgment in the plaintiff's favor
in the common pleas, took the present appeal.

The case turns on the construction of the above-
quoted clauses of the lease. The defendant's contention

is, that, taken together, they mean that the lease was to be continued, at her option, until the property should be sold.   It is argued that, if such was the agreement of the parties, it would not be void because of lack of mutuality or for any other cause, citing Effinger v. Lewis, 32 Pa. 367; Myers v. Kingston Coal Co., 126 Pa. 582.   We do not disagree with this position, but we cannot bring our minds to the conclusion that such was the agreement.   The agreement expressed in the first clause, which was complete in itself, was for a tenancy for three years, and thereafter a tenancy from year to year at the option of the defendant: Pickering v. O'Brien, 23 Pa. Superior Ct. 125.   This option evidently was given so that the defendant could not be ejected at the end of the three years' term; but successive options were not expressly given, nor is that to be implied from the words "to continue this lease from year to year thereafter:" Swigert v. Hartzell, 20 Pa. Superior Ct. 56.   One of the legal incidents of a tenancy from year to year is a right in the landlord to terminate it at the end of any current year by giving three months' previous notice.   The landlord had that right in the present instance, unless the second clause requires a different conclusion.   The reservation of the right to sell during the tenancy from year to year may have been unnecessary, but it furnishes no substantial ground for inferring an intention to give the defendant the right to continue the tenancy until the property should be sold.   If that had been the intention of the parties it would have been easy and more natural to express it in that simple way.   Nor is such intention to be inferred from the reservation of the right to sell taken in connection with the provision as to notice.   All that can be inferred with certainty, from the clause taken as a whole, is that the parties, for their own purposes, deemed it important to require a longer notice to terminate the tenancy in the event of a sale than would be required if no sale was made.   As counsel well say, the

purpose may have been to afford the defendant sufficient time to endeavor to make terms with the purchaser for a continuance of the lease, if she so desired. But it is not worth while to speculate, for it is clear beyond doubt that the provision as to the longer notice was to apply only in the event of a sale. As no sale was made the statutory rule governed. It has been said that leases of doubtful duration must be construed favorably to the tenant; but as we view this lease the duration of the tenancy is not left in doubt. Therefore, there was no error in instructing the jury that the tenancy terminated on July 18, 1910.

The judgment is affirmed.