## MacFadden et ux. v. Tomlinson

*Theo Rogers*, for plaintiffs.

*C. A. Wade*, for defendant.

HARVEY, J., November 1, 1948.—The preliminary objection by demurrer to the complaint in this action of ejectment rests upon the ground that the lease-hold of defendant has not been determined in accordance with the terms of the agreement of lease; and, therefore, plaintiff is not entitled to present possession of the demised premises.

The agreement creates a term of five months from November 1, 1941, to April 1, 1942. Its pertinent provisions otherwise are:

The said lessee "doth . . . covenant and promise . . . he . . . shall and will at the expiration of the said term, yield up and surrender the possession of the said premises . . . unto the said" lessor, "or his assigns. . . ."

and further:

That if the above-named (the lessee) "should continue on the above-described premises after the termination of the above contract, then this contract shall continue in full force for another year and so on from year to year until legal notice shall be given for a removal."

The lessee held over after the expiration of the original term of five months and has been in possession since that time under the provisions of the lease.

We need not look beyond the terms of the agreement to decide the nature of the leasehold by which the lessee held possession during the year April 1, 1947, to March 31, 1948, inclusive, and now possesses the premises. The parties have themselves by the plain language of the above-quoted provision declared it to be a tenancy from year to year, and that provision is, of course, controlling: McCanna v. Johnston, 19 Pa. 434.

On February 10, 1948, the lessor gave written notice to the lessee to vacate and deliver up possession of the premises on or before March 31, 1948. Intending compliance with the terms of the Housing and Rent Act of Congress of 1947, sec. 204($d$), the lessor on April 22, 1948, gave notice to the lessee to surrender possession within 60 days after receipt of the notice. Again, looking to the same end, the lessor gave a like notice on May 28, 1948.

We are of opinion that the tenancy from year to year was not terminated by these notices or any of them. By the terms of the agreement such a determination was to follow only the giving of a "legal notice . . . for a removal." "Legal notice" may be construed to mean the notice provided by law.

At the common law, in the case of tenancies from year to year, "they" (courts of law) "will not suffer either party to determine the tenancy even at the end of the year, without reasonable notice to the other, which is generally understood to be six months": 2

Blackstone's Commentary 147; see note, Lewis's Ed. Vol. 2, page 612; 4 Kent's Commentary 111, 112, cited in Clark v. Smith, 25 Pa. 137, 140.

"At common law, where the tenancy is from year to year, a six months' notice is required to entitle either the landlord or the tenant to terminate the lease, and this rule prevails in this country except as it has been modified by statute": 16 R. C. L. 1174; 32 Am. Jur. 837, §996.

"The Court of King's Bench in the case of the Lessee of Flower v. Darby and Bristow, 1 D. & E. 159, decided that the notice to quit must end at the expiration of the year, and several prior decisions of the same kind were cited": Boggs v. Black, 1 Binney 332, 334, reporter's note.

In the action of ejectment of MacGregor v. Rawle, 57 Pa. 184, the lease provided for a term of three years from August 1, 1863. The lessee covenanted that he would "at the expiration of the said term yield up and surrender the possession of the said premises . . . unto" (lessor) "executor, or his assigns". It was "further agreed that if the above-named" (lessee) "should continue on the above described premises after the termination of the above contract, then this contract is to continue in full force for another year, and so on from year to year until legal notice is given for a removal". On July 21, 1866, the landlord gave the tenant notice to vacate on August 1, 1866, and again on August 2nd the former gave notice to the latter to vacate forthwith. The court decided that plaintiff was entitled to possession of the premises at the expiration of the term of three years, mentioned by the agreement, without giving three months' notice to quit before the end of that term. The Supreme Court affirmed the judgment upon the opinion of the court below delivered by Sharswood, P. J. That opinion reads, in part, at page 186:

"Under the provisions of this lease, if without a demand of possession by the landlord, on or before the day the lease expired, the tenant continued, he could not be turned out by the landlord until the end of a year, and then only on three months' previous notice. In other words, he became a tenant from year to year."

If this be obiter dictum, it is from such eminent and learned source that it is accepted by us as a controlling statement of the law. Furthermore, this is in accord with the settled ruling that three months' notice prior to the end of a current year of a tenancy from year to year is necessary where under the terms of the Act of December 14, 1863, P. L. 1125, sec. 1, and the Act of April 11, 1866, P. L. 97, 68 PS §364-365, the action is the summary possessory remedy cumulative to an action of ejectment: Rich v. Keyser, 54 Pa. 86; Pickering v. O'Brien, 23 Pa. Superior Ct. 125; Dumn v. Rothermel, 112 Pa. 272. The tenant is entitled to hold till the end of the current year and cannot be required to quit at an intermediate day: Phoenixville Borough v. Walters, 147 Pa. 501; Walter v. Transue, 22 Pa. Superior Ct. 617, 621.

The same rules would appear to apply to determine such a leasehold, under the provisions of the Act of March 21, 1772, 1 Sm. L. 370, sec. 12, 68 PS §361: Lesley and another v. Randolph, 4 Rawle, 123, 128, and cases there cited; Lloyd v. Cozens, 2 Ashmead 131.

For a case where these rules were applied in an action of ejectment, see Barasch v. Burke, 10 Fayette 80.

The following conclusions must be reached. Where the leasehold is from year to year the lessor must give to the lessee three months' notice to quit before the expiration of the current year in order to determine the lease. Such a notice is the legal notice required by the provisions of the lease in this case.

Inasmuch as less than three months' notice was given by the lessor to the lessee before the expiration of the

638

current year, April 1, 1947, to March 31, 1948, inclusive, the legal notice required by the provisions of the lease was not given; the tenancy from year to year was not determined and plaintiff may not recover in this action.

Preliminary objection sustained.