## Ager et al., etc., v. Motorola-Phila. Company et al.

392

*Edward L. Frater*, for plaintiffs.

*Abraham L. Hodes, Louis F. Floge* and *Frank H. Abbott*, for defendants.

FLOOD, J., August 7, 1952.—Plaintiffs are partners engaged under the name of Ager's in the retail business of selling electrical appliances and equipment. Defendant Motorola-Phila. Company is a corporation engaged in the business of manufacturing, distributing and selling electrical appliances. Defendant Dave Lodge Poster Advertising Company is a corporation engaged in the advertising business, for which purpose it maintains outdoor advertising signs or billboards.

Plaintiffs aver in their amended bill that on November 15, 1950, they, through an agent, entered into a contract with the Dave Lodge Poster Advertising Company whereby Lodge agreed to maintain a display, advertising plaintiffs' products and the location of their store, on a billboard located at the intersection of Germantown and Lehigh Avenues, Philadelphia, Pa.; that the contract was to run for a period of one year; that shortly after March 9, 1951, when the contract still had more than eight months to run, Lodge painted out plaintiffs' display and inserted in its place that of Motorola-Phila. Co. The bill prays for a mandatory injunction directing that the Ager display be repainted and permitted to remain on the billboard during the unexpired term of the contract,

for an accounting by both defendants of any profits realized as a result of the advertisement of Motorola's products at that location, for damages suffered by plaintiffs due to the removal of their display and for other appropriate relief.

The case is now before us on defendants' preliminary objections to the amended bill.

The objection is raised on behalf of both defendants that plaintiffs have a full and adequate remedy at law. We agree. The only exclusively equitable remedy prayed for in the bill is injunctive relief in the nature of specific performance of the contract. It appears, however, that the contract has long since expired, the term of a year having ended on November 15, 1951. Hence the sole basis upon which this court might previously have assumed jurisdiction has disappeared.

It appears, on the other hand, that the allegations of the bill, if supported, entitle plaintiffs to relief by way of damages. The case should therefore be transferred to the law side of the court.

We are also asked to dismiss the bill as to Motorola-Phila. Company on the ground that plaintiffs have failed to set forth a cause of action against it.

Plaintiffs place Motorola's liability upon the theory that plaintiffs were tenants of the billboard by virtue of their agreement with Lodge, that the latter's act in painting out the Ager display amounted to a trespass and that this trespass was the result of a conspiracy in which the other participant was Motorola.

Motorola challenges the correctness of plaintiffs' initial assumption that the billboard agreement resulted in the creation of an interest in real estate, contending instead that what plaintiffs received from Lodge was a license merely as to which no trespass could have been committed by Motorola.

In Pickering v. O'Brien, 23 Pa. Superior Ct. 125 (1903), the agreement provided for the erection,

painting and maintenance of the billboard by defendant on land owned or leased by the other contracting party. The Superior Court used the following test in determining that the interest of the defendant was that of a tenant:

"Any language by which the possession is transferred for a limited time, for a stipulated return, creates a tenancy and is in effect a lease": Pickering v. O'Brien, supra, at p. 129.

This test is recognized as the correct one. "The question whether an instrument is a lease, creating an estate in favor of another and the consequent relation of tenancy, or is merely a license, is one properly of the construction of the language used, as showing an intention to give possession vel non": Tiffany, Real Property, vol. 1, p. 118.

Applying the same test to the allegations of the bill, we are of the opinion that the agreement in suit was not a lease. In the first place, plaintiffs' contract was not with the owner or lessor of the fee, but with an advertising agency whose sole interest in the real estate, so far as appears from the bill, was in the space occupied by the already existing billboard. Nothing in the contract, a copy of which is attached to the amended bill, gives plaintiffs the right to occupy or even to enter upon the premises where the billboard is situated. While access must be had to the sign for the purpose of painting the display, it is clear that this work was to be done by the Lodge agency and not by the plaintiffs personally. Under these circumstances we are driven to the conclusion that no transfer of possession was intended by the parties to the contract before us. Whatever might be the legal effect of Lodge's agreement with the owner of the building upon which the sign was erected, it is clear that as between Lodge and plaintiffs, no tenancy existed.

Attention is called to the fact that the original agreement between the parties was referred to in the writing itself as a "lease". In Pickering v. O'Brien, supra, the same circumstance was regarded as having no legal significance, the court remarking: "The rights of the parties do not depend on the descriptive name applied to it by either, but on the legal effect of its provisions." Since, as we have seen, the legal effect of the contract in suit was to leave possession of the billboard in the Lodge agency, plaintiffs' interest was not an interest in real estate and, consequently, no trespass was committed by Motorola.

Moreover, since Motorola is not alleged to have breached any contractual duty to plaintiffs, nor to have induced Lodge's breach of the existing contract, we find no basis for sustaining the bill as to Motorola.

The preliminary objections are sustained. Plaintiffs may amend within 20 days; otherwise the bill is dismissed as to defendant Motorola-Phila. Company, and the case is transferred to the law side of the court as to defendant Dave Lodge Poster Advertising Company.