## Swigert, Appellant, *v.* Hartzell.

*Landlord and tenant—Construction of lease—Surrounding circumstances —Evidence.*

Where the language of a lease is not absolutely clear as to the term granted, the circumstances attending its execution and the acts of the parties subsequent thereto, may be scrutinized in ascertaining the intention of the parties.

*Landlord and tenant—Lease—Right of renewal.*

Although a covenant for renewal in a lease provides that the new lease shall be subject to the same covenants as the old lease, such a stipulation does not entitle the lessee to have the covenants for renewal inserted in the new lease.

Where a tenant holds under a lease giving him possession for a definite term of one year, at the expiration of which he is required to surrender, with the additional " privilege of rerenting and remaining on said premises at same rental and conditions for any number of years that" he might desire, he exhausts his privilege of rerenting, when he notifies the landlord before the expiration of the first year that he intends to remain in possession of the premises during the year beginning on the date of the expiration of the first year " at same rental and conditions contained in the original lease."   He cannot during the second year claim the right to continue in possession by notifying the landlord of his intention to rerent the premises for a third year.

Argued March 11, 1902.   Appeal, No. 21, March T., 1902,

by plaintiff, from order of C. P. Cumberland Co., May T., 1900, No. 577, refusing to take off nonsuit in case of George W. Swigert & Son v. C. D. Hartzell. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Reversed.

Appeal from judgment of justice of the peace in an action by a lessor to obtain possession of a leasehold at end of term under the act of December 14, 1863. Before E. W. BIDDLE, P. J.

The opinion of the Superior Court states the case.

*Error assigned* was in refusing to take off nonsuit.

*Conrad Hambleton* and *J. W. Wetzell*, for appellant.—The courts lean against construing a covenant to be for a perpetual renewal unless it is perfectly clear that the covenant does mean it: Baynham v. Guy's Hospital, 3 Vesey, Jr., 295.

It is asserted with confidence that all the cases which can be cited sustaining a covenant for perpetual renewal are where the facts showed that the occupancy was not an equivalent for the rent, and where on the determination of the estate the lessee was not in as favorable a condition as at its beginning: Effinger v. Louis, 30 Pa. 281; Myers v. Kingston Coal Co., 126 Pa. 582; Cook v. Bisbee, 18 Pick. 527; Folts v. Huntley, 7 Wend. (N. Y.) 210.

A covenant that the lessee shall have the refusal of the premises at the expiration of the lease, for a specified term is a covenant to renew the lease at the same rent for that term. It is violated by a refusal of the lessor to renew the lease at the same rent for that term: Cairns et al. v. Llewellyn, 2 Pa. Superior Ct. 607.

A covenant to renew a lease under the same covenants contained in the original lease is satisfied by a renewal of the lease omitting covenant to renew: Carr v. Ellison, 20 Wend. 177; Syms v. New York, 105 N. Y. 153; 11 N. E. Repr. 369; Cunningham v. Pattee, 99 Mass. 252; Moore v. Foley, 6 Ves. Jr. 232.

*G. Wilson Swartz*, with him *W. Trickett* and *T. Z. Minehart*, for appellee.—The Supreme Court expressly decided in Lewis

v. Effinger, 30 Pa. 281, emphatically reaffirmed, Effinger v. Lewis, 32 Pa. 367, that a lease for a term of years wherein it was provided that lessee might hold the premises so long as he should think proper after the expiration of the term at the same rent, is a perpetual lease at the will of the lessee.

The rights of plaintiff and defendant were not coincident, otherwise the lessor could have determined the contract at the end of the first year, for the lessee certainly had such right: Effinger v. Lewis, 32 Pa. 371.

The words " to hold said premises as long as he and they should think proper, paying the said rent yearly," used in the lease passed upon in the case of Lewis v. Effinger, cited by appellant, are an exact equivalent for the words " with privilege of rerenting said premises for any number of years that second party may desire," employed in the present case : Folts v. Huntley, 7 Wend. 210 ; Cook v. Bisbee, 18 Pickering, 527 ; Blackmore v. Boardman, 28 Mo. 420 ; Myers v. Kingston Coal Co., 126 Pa. 582.

OPINION BY WILLIAM W. PORTER, April 21, 1902 :

The case at bar involves the construction to be placed upon a written lease. The questions presented are, Does the lease give to the lessee, at his option, a right to possession from year to year for an indefinite time? Or, by reason of the notice given of intention to occupy for one year after the expiration of the term, did the lessee exercise his privilege and limit his right to possession? The language of the lease is not absolutely clear. Therefore, the circumstances attending its execution, and the acts of the parties subsequent thereto, may be scrutinized in ascertaining the intention of the parties: Berridge v. Glassey, 112 Pa. 442.

The action is brought by the owner of the land to oust the tenant. The lease is for two rooms in a building of some size. The defendant first went into possession under a lease dated December 28, 1894, with one, Titler, the then owner of the property. This lease provides for the term of one year from April 1, 1895, at a rental of $125 payable quarterly. Then follows this provision: " With privilege of rerenting and remaining on said premises at same rental and conditions for any number of years that second party may desire. " The lease

stipulates that on its expiration the property shall be "given up in as good order, without further notice, in all respects as it now is," etc.  Before the expiration of this lease, the lessee rerented the property from Titler, on February 3, 1896.  The writing was substantially the same as the first lease.  It provided for the term of one year from April 1, 1896.  The rent payable was the same.  The clause conferring the privilege of rerenting was the same, as was also that requiring surrender at the end of the term.  On March 18, 1898, Titler conveyed the property containing the rooms to one, Coyle, who, on April 5, 1898, conveyed to Swigert & Son, the present plaintiffs.  These conveyances were accompanied by an assignment of the lease on April 1, 1898, from Titler to Coyle, and, on May 13, 1898, from Coyle to the plaintiffs.

The defendant, being still in possession under the second lease was, on December 24, 1898, notified by the plaintiffs to deliver up the possession of the rooms on April 1, 1899.  On December 31, 1898, the defendant sent this notice to the plaintiffs: "I hereby notify you that in accordance with my lease from W. R. Titler, that I intend to remain in possession of the premises on the east side of High street, Newville Borough, Pa. during the year beginning April 1st, 1899, at same rental and conditions contained in the original lease."  No further action was taken by either party, and the defendant remaining in possession, the plaintiffs notified him, on December 21, 1899, to vacate on April 1, 1900.  On December 30, 1899, the defendant notified the plaintiffs of his intention to remain in possession until April 1, 1901, using the same language as that contained in the notice of the year preceding.  The plaintiffs replied that they required compliance with their notice to quit.

From this rehearsal it will be seen that the tenant claims to hold under a lease giving him possession for a definite term of one year, at the expiration of which he is required to surrender.  It gave to him, additionally, the "privilege of rerenting and remaining on said premises at same rental and conditions for any number of years that" he might desire.  This language differs from that in the lease shown in Effinger v. Lewis, 32 Pa. 367 ; s. c., 30 Pa. 281, where the provision was simply for a continuation of possession at will.  Here, the language permitted the lessee to rerent.  It required some act on his part ex-

pressing to the landlord the intention to remain beyond the end of the term. The lessee, by his acts, concedes this by giving written notice. Under his first notice, he fixes the extension of his term at one year. This notice was manifestly intended to be in exercise of the privilege conferred by the lease. The language of the clause, as has been said, is the same as that of the first lease under which he took possession. By executing a new lease before the expiration of the first term, he evidently construed the language as contained in the first lease, to require, not a mere continuance in possession without expression of the extent to which he intended to exercise his privilege, but the execution of a new agreement defining the term to which his possession should extend. Applying this construction to the clause in the second lease, it would defeat the tenant's present claim to possession, for no new lease was made. Considering it only as an aid in interpreting the effect to be given to the tenant's notice of his intention to remain, such notice must be held to be the tenant's declaration of the extent to which the privilege given by the lease was intended to be exercised. By both of the notices which he has given, he attempts to limit his continuing term to one year. But the lease does not contemplate numerous rerentings. It gave to the tenant the right to rerent for any term he might desire, but having once exercised the right to fix the time, the right was exhausted by its exercise. Nowhere is the lease expressive of an option or privilege to be exercised more than once. Nowhere is there indication that it may become a lease from year to year at the will of the lessee. It contemplated one definitive act by the tenant extending his possession, although in the exercise of this privilege he might extend the possession as he chose. The definitive act was accomplished by the sending of his first notice in which he asserted his intention to remain for one year. There is no evidence in this case that the lessee made any improvements on the property on the faith of a long term. It must be assumed that the occupancy of the rooms was a fair equivalent for the rent, since the lessee himself gave no notice of intention to require a long term. These are matters worthy of consideration in determining whether a lease is perpetual at the will of the lessee : Lewis v. Effinger, 30 Pa. 281.

But it is said that by the notice given in attempted exercise

of the privilege to rerent, the lessee continued in possession "at same rental and conditions contained in the original lease," and that the lease having been continued in existence for a year under this notice, carried the privilege contained in it into the new year, thus giving a power under the lease, as renewed, to again extend it. This would be to hold that the exercise of the power worked its recreation. The contract as originally made by the parties had in contemplation the exercise of the power as it was then created. By its exercise it was exhausted. The continuance in possession pursuant to the option, did not carry a second exercise of the power into the new relation of the parties. Had the lessee executed a new lease in exercise of the power, it would have required a new expression of the terms of privilege (as was done when the lessee rerented by the second lease), since it has been held that even though a covenant for renewal provides that a new lease shall be subject to the same covenants as the old lease, such a stipulation does not entitle a lessee to have the covenants for renewal inserted in the new lease. See 18 Am. & Eng. Ency. of Law (2d ed.) p. 687. The conclusion is that, under the language of the lease, aided in construction by the circumstances attending its execution and the acts of the parties thereafter, the lessee exercised to exhaustion the privilege to rerent, by the designation of one year as the term desired.

The judgment of the court below is reversed and a venire facias de novo is awarded.