# Cannon *v.* Keystone Company, Appellant.

*Landlord and tenant—Lease—Privilege of renewal—Construction.*

The renewal clause in a lease which gave "the privilege to the tenant of five years after the expiration of said term at the same rental and on the same conditions from year to year" conferred upon the tenant the right to hold over after the expiration of the original term, from year to year, for a period not exceeding five years. Where the tenant held over under such option, he did not become bound for the full term of five years, but could terminate the lease at the end of any yearly period upon the giving of proper notice.

Argued March 4, 1919. Appeal, No. 27, March T., 1919, by defendant, from judgment of C. P. Lackawanna Co., May T., 1919, No. 633, in case tried by the court without a jury in the suit of Henrietta Cannon v. Keystone Company. Before ORLADY, P. J., PORTER, TREXLER, WILLIAMS and KELLER, JJ. Reversed.

Assumpsit for breach of contract of lease. Before EDWARDS, P. J., without a jury.

The facts are stated in the opinion of the Superior Court.

The court entered judgment against the defendant in the sum of $1,053.41. Defendant appealed.

*Errors assigned* were various findings of fact, conclusions of law and the judgment of the court.

*R. L. Levy, F. M. Lynch* and *R. W. Archbald,* for appellant.—The lease gave to the lessee the privilege of renewal from year to year for five years following the original term: Kaufmann v. Leggett, 209 Pa. 87; Stetler v. North Branch Transit Co., 258 Pa. 299; Gillion v. Finley, 22 W. N. C. 124; Cook v. Neilson, 10 Pa. 41; Brown v. Brightly, 14 W. N. C. 497.

*W. J. Fitzgerald,* and with him *John M. Gunster* and *Robert J. Murray,* for appellee.—The tenant was bound for the additional term of five years: Straus v. Wanamaker, 175 Pa. 213; Sweigert v. Hartzell, 20 Pa. Superior Ct. 56; Harding v. Seely, 148 Pa. 23; McBrier v. Marshall, 126 Pa. 390.

OPINION BY PORTER, J., October 13, 1919:

The plaintiff brought this action of assumpsit to recover the amount alleged to be due under the provisions of a lease for a hotel property and the barroom fixtures therein. The lease was dated March 27, 1911, and contained the following provisions material to the determination of the questions here involved: "To have and to hold the same unto the second party for the term of two years commencing the first day of April, A. D. one thousand nine hundred and eleven, with the privilege to the tenant of five years after the expiration of said term at the same rental and on the same conditions from year to year." The foregoing was the granting clause of the lease, and the only other clause which tends to throw light upon the question, was near the end of the lease and is as follows: "In case the lessee desires to terminate this lease at the expiration of any year, he shall give thirty days' written notice to the lessor of his intention so to do before the end of any year." The defendant went into possession of the premises under this lease and continued to occupy the same until March 31, 1915, when it vacated, having, on December 9, 1914, served a written notice upon the plaintiff of its intention to surrender the premises on and after April 1, 1915, claiming the right to do so under the covenants of the lease. The plaintiff made efforts to secure another tenant for the premises and succeeded in doing so at a reduced rental and subsequently brought this action against the defendant company to recover the loss asserted to have been sustained through their alleged breach of the covenants of the lease. The case was tried

before the learned president judge of the court below without the intervention of a jury, there being no dispute as to the facts. The court held that the defendant company, having continued to occupy the premises after the expiration of the original term of two years, became bound for an additional term of five years, and had no right to surrender possession and end the term on the first day of April, 1915, and entered judgment in favor of plaintiff in the sum of $1,053.41. The defendant company appeals from that judgment.

When a tenant who enters for a definite term, under a lease which gives him the option to hold for an additional term, continues in possession of the premises after the expiration of the first term, it is notice to his landlord of his election to exercise his privilege and he becomes bound for the additional term: McBrier v. Marshall, 126 Pa. 390; Harding v. Seeley, 148 Pa. 20; Lipper v. Bouve, Crawford & Co., 6 Pa. Superior Ct. 452. This is upon the principle that one who has a right of entry upon lands will be presumed to have entered in virtue of that right, and the continuance of possession by the tenant is referable to the right conferred by the covenants of the lease and subject to the conditions thereby imposed. The rights of the parties are, however, always dependent upon the covenants of the lease, and when the option or privilege of the tenant is not for a definite term he is not to be held bound for a definite term, he may be only a tenant from year to year: Gillion v. Finley, 22 W. N. C. 124. This defendant continued in possession after the expiration of the first term designated by the lease; it must, therefore, be presumed to have exercised the privilege to hold over conferred by the granting clause of the lease. What was that privilege? "The privilege to the tenant of five years after the expiration of said term at the same rental and on the same conditions from year to year." The words in this covenant "at the same rental and on the same conditions," relate not to the duration of the term, but to the rental and other conditions of the lease, such as the

right to sublet, pay the water rent and gas bills and other conditions of like character. The only words in the covenant which refer to the length of the additional term involved by holding over are: "five years......from year to year"; and the amount of the rental and the other conditions were to be the same as during the first period. "As a general rule, in construing provisions of a lease relating to renewals, where there is an uncertainty, the tenant is favored, and not the landlord, because the latter having the power of stipulating in his own favor, has neglected to do so, and also upon the principle that every man's grant is to be taken most strongly against himself": Stetler v. The North Branch Transit Co., 258 Pa. 299. Applying this principle to this covenant of the lease it must be construed to mean that when the defendant held over it became a tenant from year to year, with the right to so continue for five years. If this was not the intention of the parties, why did they inject into the covenant the words "from year to year." This construction of the covenant makes clear the purpose of the parties in incorporating into the lease the second covenant above quoted. They recognized the right of the lessee to terminate the lease at the expiration of any year, and to guard against surprise and inconvenience to the lessor resulting from having the property thrown suddenly upon his hands at the expiration of any year, they covenanted that the lessee must give thirty days' notice before the end of the year of his intention to terminate the lease. If the lessee failed to give the notice required it would become bound for another year. We are of opinion that the learned judge of the court below erred in holding that the defendant had become bound for an additional term of five years.

The defendant admitted at the trial in the court below that it was liable to the plaintiff for certain bills for water, gas and a showcase aggregating $49.14 and for that amount the plaintiff was entitled to judgment.

The judgment is reversed and the record is remitted to the court below with direction to enter judgment in favor of the plaintiff for $49.14.