Shappell *v.* Himelstein, Appellant.

Argued October 9, 1935.

Before KELLER, P. J., BALDRIGE, STADTFELD, PARKER, JAMES and RHODES, JJ.

*Herman P. Abramson,* with him *Albert G. Newton,* for appellant.

*Allen Grant,* with him *William E. Shappell,* for appellee.

OPINION BY JAMES, J., March 9, 1936:

On November 20, 1934, judgment was entered in an amicable action and confession of judgment in ejectment by warrant of attorney contained in a lease against Harry Himelstein in favor of W. E. Shappell, agent. The lease was dated October 23, 1933, and was signed by W. E. Shappell, agent, acting for William D. Gordon, Secretary of Banking, in possession of the Roxborough Trust Company as lessor, and Harry Himelstein as lessee, and was for the term of one year beginning November 3, 1933, terminating on the 2nd day of November, 1934. The affidavit of default averred that written notice of the termination of the lease had been served upon the wife of Harry Himelstein on the premises on September 28, 1934, and defendant had refused to vacate the premises. On November 30, 1934, defendant filed a petition for rule to open the judgment, to which an answer was filed, and after argument the rule was discharged. The only averment in the pleadings, important on this appeal, is that when the judgment was entered, the former lessor was no longer the owner; but that Stella Paul was the owner.

Appellant sets forth, under the first question involved, that the present lessor is not authorized to avail herself of the ejectment confession clause, because the clause relating to assignees does not specifically include remedies provided by the lease. The lease provides, under the heading "Lessor's Remedies," as follows: "15 —Confession of Judgment: If lessee shall fail to perform any of *his* agreements *herein,* he directs any attorney or prothonotary or clerk of court to sign in his behalf an agreement for entering in any competent court an amicable action and a judgment against lessee in ejectment for possession of the premises ...... Upon the entry of such judgment, or of any other judgment for possession or for rent and for other charges, an appropriate writ of possession and/or of execution shall immediately issue ......," and under the heading "Rights and Liabilities of Assignees and of Agent": "23. Lessor's Assignees: All rights and obligations of lessor hereby created shall be enforceable by and shall bind his assignees and his successors ......"

Appellant argues that because the latter clause does not include "remedies" the remedy provided by the ejectment clause does not inure to the benefit of the present owner. That there is a well founded distinction between a right and a remedy, is needless to argue but the failure to include the word "remedy" in the assigning clause does not deprive the assignee of the same remedy which the lessor had, as from an examination of the lease it is clearly indicated that remedies were included under the term "rights." Under the term "rights," the lease contemplated those covenants or agreements of the lessee which were for the benefit of the lessor, and under the term "obligations" those duties of the lessor which were for the benefit of the lessee. The term "rights," as used in the lease, is an all inclusive term of all agreements which were for the benefit of the lessor. This is further indicated by the latter sec-

tion of the assigning clause where it provides: "Lessor and his assignees and successors in office may assign his rights hereunder ......," and to deny the assignee the right to pursue the remedies provided by the lease, would be a restriction of the rights which the lessor had, which interpretation should not be adopted unless the language of the lease clearly so indicates. Even without an assigning clause, the assignee would have been entitled to proceed under the ejectment clause of the lease as the assignee of a reversion is entitled to enjoy the same benefits and remedies as a lessor. The foundation of this right is "the Statute of 32 Henry VIII, ch. 34, which is in force in Pennsylvania (Williams et al. v. Notopolos, 259 Pa. 469), and under which grantees or assignees of the reversion, or assignees of lessors, enjoy the same benefits and remedies which the lessors or grantors themselves had or enjoyed for the breach of any condition, covenant or agreement contained or expressed in leases or grants": Youghiogheny-Pgh. C. Co. v. Carlet, 92 Pa. Superior Ct. 40, 44. Both under the lease itself and by virtue of his right as an assignee of the reversion, appellee was entitled to the remedies provided in the lease.

The facts in the case at bar are clearly distinguishable from the facts in Fogerty v. Dix, 75 Pa. Superior Ct. 214, as in the latter case the lease provided that the lessor had the right to assign the lease in case the demised premises shall be sold and conveyed by the lessor during the term, and the lessor did not convey the premises during the term but assigned the lease.

Under the statement of the second question involved, appellant argues that the present lessor is not authorized to avail herself of the judgment confession clause, which provides for its use if the lessee defaults in any of his "agreements herein," because there is no express agreement that the lessee must vacate the premises.

The lease provides as follows: "Term of Lease, one

year"; "Lease begins on November 3rd, 1933"; "Lease Terminates November 2nd, 1934", and under Paragraph IV, entitled "Extension or Termination of the Term": "20—Automatic Extension: Unless either party shall serve on the other written notice to the contrary, the term of this lease shall be extended for one month beyond the term provided above, and so on from month to month until such notice shall be served. Such notice must be served at least one month before the date on which it provides that this lease shall terminate. Lessor may serve such notice by registered mail or by leaving it on the premises. Lessee must serve such notice by registered mail and by procuring a return receipt signed by lessor or by his authorized agent." The provisions of the lease fixed the beginning of the term as November 3, 1933, and the ending of the term on November 2, 1934, and although there is not express language that the lessee shall vacate the premises upon the termination of the lease, by the service of the written notice upon the lessee—which for the purposes of this appeal must be taken to be true—the lessor had complied with the clause of the lease providing for the termination at the time fixed for the original termination of the lease; to wit, November 2, 1934, after which time the lessee had no right to remain upon the premises. The lease having been terminated as provided, it necessarily follows that it was the duty of the lessee to deliver up possession of the premises at the expiration of the term. The lease was for a definite period, and when the lessee failed to deliver up possession at the end of the term, he failed to perform his agreement, in which event the lessor or his assignee was authorized to enter the confession of judgment in ejectment. By the amicable confession of judgment, the lessee agreed that the same judgment could be entered as the plaintiff would have been entitled to recover in the event of a successful termination of a similar adverse proceeding:

Pgh. Ter. Coal Corp. v. Potts, 92 Pa. Superior Ct. 1, 10, and it cannot successfully be argued that in an adverse proceeding under the present facts, plaintiff would not be entitled to the premises.

Order affirmed.