## New York, Susquehanna and Western Railroad Company v. Traders Flour and Feed Company, Appellant.

Argued October 29, 1935.

Before KELLER, P. J., BALDRIGE, STADTFELD, PARKER, JAMES and RHODES, JJ.

*C. D. Shull,* of *Shull & Shull,* with him *James T. Kitson,* for appellants.

*W. B. Eilenberger,* of *Eilenberger & Huffman,* with him *Harold C. Edwards,* for appellee.

OPINION BY STADTFELD, J., January 31, 1936:

The orders which are to be reviewed on this appeal were made by THOMAS, P. J., 56th Judicial District, Specially Presiding, on motions by the respective parties for judgment n. o. v. following a petition to open a judgment in an amicable action in ejectment and jury trial on issues framed by the court, based on the petition to open judgment and answer thereto.

Plaintiff's praecipe for judgment in an amicable action of ejectment is based upon a lease setting forth rental in arrears, and notice, in accordance with the provisions of the lease, to vacate by reason of said rental arrearage. This judgment was enforced by praecipe for writ of habere facias possessionem with clause of fi. fa. for rent and costs.

Defendant petitioned to open said judgment, to be allowed to interpose an equitable defense, that continued acceptance of overdue payments of rental waived the strict terms of the lease, as well as requesting construction of that portion of the lease allowing removal of buildings and improvements. On opening the judgment, the court framed two issues for the jury, as to the right of forfeiture (a) of the leasehold, (b) of the buildings and equipment.

By lease of November 18, 1920, plaintiff leased land adjoining plaintiff's railroad siding on Main Street, Stroudsburg, Pa., to defendant for feed-mill purposes. The building erected thereon and equipment installed were the property of defendant lessee. The lease provides for semi-annual rental installments of one hundred twenty-five dollars each, payable in advance; for removal of buildings and improvements at termination of tenancy; for notice and the manner of service thereof to terminate the lease for non-payment of rental.

Beginning August 1, 1929, and down to and including the payment of February 1, 1932, all installments of rental were paid by the lessee at varying periods of time, each more than one month after the due date thereof. Prior to February 1, 1933, during the period of delinquency, on February 27, 1932, March 13, 1932, March 26, 1932, April 7, 1932, April 12, 1932 and December 13, 1932, plaintiff lessor wrote several letters to defendant company, calling attention to said delinquency. On October 4, 1932, a letter was sent which stated "The terms of your lease provide that payment be made promptly and in advance. We must insist that this charge be remitted for without further delay." After February 1, 1933, plaintiff lessor by its agents, on February 14 and April 14, 1933, verbally demanded delinquent rental from defendant lessee's agents and threatened cancellation of the lease if there was not compliance with the demand. On April 29, 1933, the installment of rental due August 1, 1932, was paid to and accepted by defendant lessor.

On May 2, 1933, notice to quit for non-payment of rental was served on defendant lessee in the manner of service of notice as required by the lease.

On May 4, 1933, defendant lessee's agent at the New York office of plaintiff offered to pay the rental in arrears, the February 1, 1933, installment. It is disputed whether or not this offer was unconditional, or conditioned upon reinstatement of the lease. The offer was refused. On June 8, 1933, plaintiff lessor, by amicable action, confessed judgment in ejectment against defendant lessee, as well as judgment for $125, the February 1, 1933 rental installment in arrears, which said judgments were executed by the sheriff on that date, plaintiff given possession of land, buildings and equipment, and the rental collected to August 1, 1933. On June 10, 1933, defendant filed petition to open the judgment to be let into a defense, which petition was sub-

sequently amended. The judgment was opened, and issue framed and tried resulting in verdict that lessor could declare forfeit the leasehold, but not the buildings and equipment. The court refused defendant's motion for judgment n. o. v. on the question of right of forfeiture of the leasehold, and sustained plaintiff's motion for judgment on the question of right of forfeiture of buildings and equipment.

The assignments of error relate to the denial of motion for judgment in favor of defendant non obstante veredicto and the entry of judgment in favor of plaintiff on the entire record.

Appellant contends that by reason of defendant accepting overdue installments of rent, prior to enforcing a cancellation of the lease, this amounts to a waiver of the strict terms of the lease as to payment of rental in advance, and that lessor must, by due notice, place lessee on its guard before enforcing the forfeiture provisions of the lease. If no notice had been given by plaintiff to defendant insisting on payment, there would be force in this contention. The undisputed testimony, however, is that numerous demands, in writing, were made for payment of the overdue rentals during 1932, most of which were unanswered. On October 4, 1932, plaintiff addressed a letter to defendant calling attention to the rental due for the period from August 1, 1932, to February 1, 1933 and that the terms of the lease provide that payment be made promptly in advance and insisting that "this charge be remitted for without further delay."

On February 14, 1933, Mr. D. M. Lynn, representing the plaintiff, together with George A. Lamb, its division freight agent, called at the office of defendant company and discussed the rent situation with Mr. Braerman, General Manager and Superintendent of the plant, and Mr. McGill, special representative of defendant company, and informed them that the lease would be can-

celled unless the rental that was then due was paid in full and thereafter when rental bills would be rendered, the rental must be paid when due.

On April 14, 1933, Mr. Lynn went to Mr. Flory, treasurer of defendant company at the main office at Bangor, Pennsylvania, and the latter not being there at the time, was directed to go to his office at Nazareth, Pennsylvania, where he met him and discussed the rental situation. Mr. Lynn told him that the entire amount would have to be paid within two weeks or the lease cancelled, and if he wished to continue the lease, the entire rental must be paid and the rental paid when due as provided under the lease.

The lease continued in effect until the second day of May, 1933, when it was cancelled by notice as provided under the lease. It was admitted that this notice was received on said date. The amicable action in ejectment and judgment by confession was entered on June 8, 1933, together with a clause of fi. fa. for $125 and costs. On the same day, the Sheriff executed the writ and delivered possession over to the plaintiff and collected $125, covering the rent in arrears. Any alleged tender or offer to pay was under the testimony, made after the service of notice of cancellation, but according to the testimony ex parte plaintiff, the offer to pay was conditional upon reinstatement of the leasehold, and therefore was not accepted. The amount collected by the Sheriff paid the rent for the period from February 1, 1933 to August 1, 1933. The lease provided as follows: "It being mutually understood that rent paid in advance for a period subsequent to the termination of this lease shall be repaid to the Lessee within thirty days after demand, unless such termination shall be on account of violation or non-fulfillment of any of the provisions of this lease by said Lessee, and that any demand of rent made by the Lessor after the date it is due shall have the same effect as if made on the day it is due;

any law or custom of said State to the contrary notwithstanding." No demand has been made by the lessee on the lessor as to the return of any of the monies for the unearned rent, and this question is not before us.

The court submitted to the jury, the question of whether the plaintiff, lessor, had given the defendant, lessee, notice that it was going to enforce the strict terms of the lease, that is that the rent should be paid in advance on the day and date provided in the lease, and whether it had a right to declare a forfeiture of the lease. The jury answered this question in the affirmative.

The lease was for the period of one year from the first day of August, 1920, and contained, inter alia, the following provision: "It being mutually understood and agreed that this lease may be terminated and cancelled by said Lessor, its successors or assigns, at any time, by giving at least thirty days previous notice in writing to said Lessee of the time when the same will be so terminated and cancelled; but in case of non-payment of rent or taxes by said Lessee as hereinafter provided, or the violation of any of the other provisions of this lease by said Lessee, said Lessor, its successors, or assigns, may terminate and cancel this lease by giving not less than three days similar notice to said Lessee; ...... and upon the expiration of the time limited in any notice herein provided for, said Lessor, its successors or assigns, may forthwith enter upon and take and maintain possession of said leased premises and remove all persons therefrom without let or hindrance and without liability therefor; any law, usage or custom of said State to the contrary notwithstanding."

The cancellation of the lease was strictly in pursuance of the terms thereof. The authorities cited by appellant to the effect that a forfeiture cannot be enforced for the failure to pay strictly according to the terms of a lease where by the course of dealing, lessor

has not insisted thereon, have no application, as in the instant case, frequent demands for payment were made and verbal notices were given of intention to cancel if the payments were not forthcoming, long before the effective date of cancellation. The verdict of the jury is fully sustained by the evidence and we find no error on the part of the lower court in disposing of this question.

In Penna. Co. v. Shanahan, 10 Pa. Superior Ct., 267, 270, this court held, at pp. 269, 270: "The right to recover rent in arrear and the right to recover possession co-exist and may be exercised at the same time. In fact, these two rights are often exercised in one and the same proceeding."

In 35 Corpus Juris, 1083, we find it stated: "Time of Acceptance. The acceptance of rent after a lease has been forfeited is not a waiver. Thus acceptance of rent after an ejectment suit or other action to enforce the forfeiture has been brought, or after a reentry, is no waiver unless otherwise provided by statute." In the cases cited by appellant, there was either no demand for payment, or no notice of cancellation, or there was the acceptance of rent *accruing after* such notice.

On the second question, to-wit: the right to declare a forfeiture of the building and equipment of the lessee, the lower court entered judgment on the entire record in favor of plaintiff. The lease provided, in relation thereto, as follows: "It is further understood and agreed that upon or before the termination, by notice or otherwise, of this lease, *in case all rents, taxes and assessments have been paid and all covenants herein on the part of the said Lessee have been performed,* the buildings and improvements of said Lessee may be removed from said premises by said Lessee; but if not so removed, said Lessor, its successors or assigns, may convert the same to its or their own use or tear down and move the same, and all right, title and interest of said

Lessee therein shall cease and be vested in said Lessor, its successors and assigns." (Italics supplied). Appellant admits that the distinction between the buildings as real property and the doctrine of trade fixtures does not enter into this case. It relies solely on the "removal clause" in the lease.

The lease provided "that the premises are leased for the purposes of a site for a feed-mill and the business properly pertaining thereto and shall not be used by the said Lessee for any other purpose whatsoever, without the consent of said Lessor."

The rent admittedly was not paid and the lease was cancelled pursuant to its terms and possession delivered by the Sheriff to plaintiff company. Under the terms of said lease, plaintiff was entitled to take the "buildings and improvements." The language is plain and unequivocal. The septic tank and motor were unquestionably "improvements" used in connection with the only use of the building permissible under the lease.

Quoting from 13 Corpus Juris, p. 525, Section 485: "COURT CANNOT MAKE NEW CONTRACT. It is not the province of the court to alter a contract by construction or to make a new contract for the parties; its duty is confined to the interpretation of the one which they have made for themselves, without regard to its wisdom or folly, as the court cannot supply material stipulations or read into the contract words which it does not contain."

"A writing, in which only words of definite and precise meaning, as commonly understood, are used, free from ambiguity, is always its own best interpreter, since the language used best discloses and reveals the intention, object and purpose of the parties to it. Atherton v. Clearview Coal Co., 267 Pa. 425, 432": Robinson v. Stover, 320 Pa. 308, 182 A. 145.

Appellant cannot with good grace, raise the question of the right of the lower court to pass on the question

of the title to the septic tank and motor under the proceedings in this case, in view of the fact that in its amended petition to open the judgment it asked that an issue be framed to determine whether there had been a forfeiture of the right to removal of the buildings and of the electric motor and the septic tank.

We believe that the issues were properly disposed of by the lower court and the judgment should be affirmed.

The assignments of error are overruled and judgment affirmed.