Testa *v.* Lally et ux., Appellants.

Argued October 10, 1947. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS, ARNOLD and FINE, JJ.

*Herbert H. Hadra,* with him *Robert H. Arronson,* for appellants.

*James P. Gilliland,* for appellee.

PER CURIAM, November 12, 1947:

Plaintiff entered a judgment in ejectment against defendants under the authority contained in a written lease. The court below refused to open or strike off the judgment, and defendants have appealed.

Appellants' first contention is ruled by the recent decision of this Court in *Harper et ux. v. Quinlan,* 159 Pa. Superior Ct. 367, 371, 48 A. 2d 113, where we held

that a lessor-plaintiff may pursue at the same time against the lessee, as remedies consistent both in purpose and in kind, a possessory action before a justice of the peace and a confession of judgment in ejectment under the lease.

The second contention of appellants is without merit. The acceptance by the lessor of rent from the lessee, accompanied by language clearly indicating the lessor's intention to insist upon obtaining possession of the premises, does not constitute a waiver of the right to pursue the lessor's possessory remedies. *Pennsylvania Company, etc., v. Shanahan*, 10 Pa. Superior Ct. 267; *New York, Susquehanna & Western R. Co. v. Traders Flour & Feed Co.*, 120 Pa. Superior Ct. 369, 183 A. 58. There was no abuse of discretion on the part of the court below in refusing to open the judgment on this ground. *Harper et ux. v. Quinlan*, supra, 159 Pa. Superior Ct. 367, 372, 48 A. 2d 113.

Appellants challenge the right of an assignee of a lease to avail himself of a warrant of attorney to confess judgment contained therein, and also question the sufficiency of the present record to establish appellee's interest in the lease.

Generally, the assignee of a lease may properly exercise the warrant of attorney to confess judgment contained in the lease. This right has been sustained where there was an assignment by operation of law, as when a corporate lessor subsequently merges with another corporation, and the new corporation seeks to enforce the rights of its predecessors. *Pittsburgh Terminal Coal Corp. v. Potts*, 92 Pa. Superior Ct. 1. Also, it is sustained where the language of the lease sets forth in specific terms the intention of the parties that such rights shall be available to subsequent assignees of the lease. While such language strengthens the conclusion that the assignee is entitled to the right given to the lessor, it is not an indispensable prerequisite thereto. By the provisions of the Statute of 32 Henry VIII, ch.

34, which is in force in Pennsylvania, grantees or assignees of the reversion, or assignees of lessors, shall enjoy the same benefits and remedies which the lessors or grantors themselves had or enjoyed for the breach of any condition, covenant, or agreement contained or expressed in leases or grants. Where a lessor subsequently conveyed the demised premises to a grantee, but failed to assign the lease, this statute conferred upon the grantee the right to claim the benefits of the provisions of the lease. *Williams et al. v. Notopolos*, 259 Pa. 469, 103 A. 290; *Shappell v. Himelstein*, 121 Pa. Superior Ct. 418, 183 A. 644. In a case where there was an absence of language in the lease referring to the assigns of the original lessor and of any formal assignment by the lessor to his grantee, this Court held that the grantee was entitled to proceed under the ejectment clause of the lease. *Youghiogheny-Pittsburgh Coal Co. v. Carlet*, 92 Pa. Superior Ct. 40.

We recognize that authority to confess judgment cannot operate in favor of a stranger to the contract, and that, if the interest of the plaintiff is not clearly set forth in the averment of default, the judgment may be stricken off. *Boggs v. Levin*, 297 Pa. 131, 146 A. 533; *Hogsett et al. v. Lutrario*, 140 Pa. Superior Ct. 419, 13 A. 2d 902. A fortiori, a judgment by confession will be stricken off where the pleadings establish that the plaintiff was in fact not the owner of the contract (judgment note) at the time when judgment was confessed. *Dime Bank and Trust Co. v. Manganiello*, 152 Pa. Superior Ct. 270, 31 A. 2d 564. But where the averments on the record clearly set forth the interest of the plaintiff the judgment will be sustained. *Ulick v. Vibration Specialty Co.*, 348 Pa. 241, 35 A. 2d 332. In view of Rule 2002, Pa. Rules of Civil Procedure, requiring all actions to be prosecuted in the name of the real party in interest, it is important that the interest of the plaintiff and its derivation be set forth in the averment of default and relevant pleadings. *Brown et al. v. Esposito*, 157 Pa. Superior Ct. 147, 42 A. 2d 93.

In the present case we are of the opinion that the interest of appellee has been sufficiently pleaded. Appellee sought to recover possession of the demised premises at the end of the term. The lease provided that an amicable action of ejectment might be brought by the lessor for the recovery of the demised premises if the lessee failed to vacate at the end of any term. The averment of default, after reference to the premises by street and number, set forth that "on the 23rd day of March, 1946, your affiant purchased said premises from Frederick Hotz and Eva Hotz, his wife." The lease, incorporated by reference, bears a formal assignment thereof to appellee, dated March 23, 1946. The assignment was signed by Penn M. Mooney, Agent, the original lessor, and included "all benefit and advantages to be derived therefrom." The lease also set forth that the lessor and the lessee covenanted "for themselves, their respective heirs and successors or assigns."

In addition to these facts, it appears from the pleadings filed that, subsequent to March 23, 1946, appellants paid rent to appellee, thus in effect recognizing him as the owner of the demised premises and attorning to him.

There is no more merit in appellants' complaint that the court below abused its discretion in refusing petition for reargument than there is in the other contentions which appellants have presented.

Appeals are dismissed, at the cost of appellants.