Per Curiam,
 

 This is an appeal from an order making absolute a rule to strike off the plaintiff-appellant’s declaration in an amicable action of ejectment.
 

 By a written lease dated February 3, 1947, the Commonwealth Real Estate Company, Agent for the Commonwealth Trust Company of Pittsburgh, Agent for Johnson C. Smith University, leased the premises at No. 900 Highview Street, in the City of Pittsburgh, to the defendant-appellee, Victor Chapkis, for a term of one year, commencing May 1, 1947, and expiring April 30, 1948, after which term it was to continue for a period of one month, and thereafter from month to month. The plaintiff-appellant purchased the said premises, and, on August 1, 1948, obtained a deed for the property and a written assignment of the lease. Plaintiff-appellant gave the defendant-appellee written notice to vacate on or before January 1,1949, and com
 
 *76
 
 plied with the regulations of the Office of Price Administration. When the defendant-appellee refused to vacate, plaintiff-appellant filed a declaration of amicable action of ejectment. This was stricken off by the court below, and the rule to show cause issued on petition of defendant-appellee was made absolute.
 

 The court below based this disposition of the case upon the ground that no right to maintain an amicable action of ejectment for the premises passed from the lessor to the plaintiff-appellant as assignee of the lease. It is true that the language of the lease authorized confession of judgment “against Tenant and in favor of said Lessor in an amicable action of ejectment,” and does not expressly refer to the assignee of the lessor; but this was not necessary. The present case is controlled by
 
 Testa v. Tally,
 
 161 Pa. Superior Ct. 478, 55 A. 2d 552, which involved a judgment in ejectment entered under the authority contained in a written lease by the assignee and grantee. We there said, page 480 of 161 Pa. Superior Ct., page 553 of 55 A. 2d: “Generally, the assignee of a lease may properly exercise the warrant of attorney to confess judgment contained in the lease. This right has been sustained rvhere there was an assignment by operation of law, as when a corporate lessor subsequently merges with another corporation, and the new corporation seeks to enforce the rights of its predecessors. Pittsburgh Terminal Coal Corp. v. Potts, 92 Pa. Superior Ct. 1. Also, it is sustained where the language of the lease sets forth in specific terms the intention of the parties that such rights shall be available to subsequent assignees of the lease. While such language strengthens the conclusion that the assignee is entitled to the right given to the lessor, it is not an indispensable prerequisite thereto. By the provisions of the Statute of 32 Henry VIII, ch. 34, which is in force ip Pennsylvania, grantees or assignees of the reversion,
 
 *77
 
 or assignees of lessors, shall enjoy the same benefits and remedies which the lessors or grantors themselves had or enjoyed for the breach of any condition, covenant, or agreement contained or expressed in leases or grants. Where a lessor subsequently conveyed the demised premises to a grantee, but failed to assign the lease, this statute conferred upon the grantee the right to claim the benefits of the provisions of the lease. Williams et al. v. Notopolos, 259 Pa. 469, 103 A. 290; Shappell v. Himelstein, 121 Pa. Superior Ct. 418, 183 A. 644. In a case where there was an absence of language in the lease referring to the assigns of the original lessor and of any formal assignment by the lessor to his grantee, this Court held that the grantee was entitled to proceed under the ejectment clause of the lease. Youghiogheny-Pittsburgh Coal Co. v. Carlet, 92 Pa. Superior Ct. 40.”
 

 Order of the court below is reversed, and the rule ex parte defendant is discharged.