Sterle *v.* Galiardi Coal & Coke Co., Appellant.

Argued November 13, 1950. Before HIRT, RENO, DITHRICH, ROSS, ARNOLD and GUNTHER, JJ. (RHODES, P. J., absent).

*Jos. W. Ray, Jr.*, with him *J. Kirk Renner, Lewis M. D'Auria, Herman M. Buck,* and *Ray, Coldren & Buck*, for appellant.

*O. B. Goldstein,* with him *Goldstein & Goldstein,* for appellee.

OPINION BY HIRT, J., January 12, 1951:

In this proceeding the majority of the court below properly refused to strike off a judgment confessed against a partnership on a warrant contained in a lease. The order will be affirmed.

Irwin Gas Coal Company entered into the lease of coal land with the defendant partnership "for the term of One (1) year from and after March 2, 1947, with the privilege to the party of the second part to renew and continue the possession from year to year for and during two additional years". On March 9, 1948, the above lessor sold and conveyed the leased premises to Joseph B. Sterle, Jr., the present appellee and assigned the lease to him. It is admitted that on December 6, 1949, Sterle notified the defendant lessee in writing that the lease "will be at an end as of March 2, 1950" in accordance with its terms. On the refusal of defendant to quit, Sterle alleging a violation of the terms of the lease, confessed judgment in eject-ment on the authority of the warrant contained in the lease.

There is no merit in appellant's contention that the authority to confess judgment under the warrant in the lease was personal to the lessor and could not be assigned. The argument is refuted by the following specific language of Article 11 of the lease: "This agree-ment . . . shall be binding upon [and] inure to the heirs, executors, administrators, successors and *assigns* of the respective parties hereto". (Emphasis added.) But even without such provision in a lease agreement, it is settled law that "while authority to confess a judgment cannot operate in favor of a stranger to the contract, a covenant providing a warrant of attorney for entering an amicable action of ejectment for pos-

session inures to the benefit of the assignee": *Miller et ux. v. Michael Morris, Inc., et al.,* 361 Pa. 113, 118, 63 A. 2d 44. The cases in this Court are to the same effect in holding that an assignee, generally, may properly confess judgment in ejectment under the authority of a warrant contained in a lease. *Testa v. Lally et ux.,* 161 Pa. Superior Ct. 478, 55 A. 2d 552; *Shappell v. Himelstein,* 121 Pa. Superior Ct. 418, 183 A. 644.

Moreover, the judgment is not invalid because the proceeding was initiated upon a complaint in ejectment under oath, alleging a violation of a covenant of the lease, rather than upon a praecipe accompanied by an affidavit specifying in what particulars the lessee violated the terms of the lease. Essentially the two methods of proceeding are the same, differing in name only. An action begun by complaint is authorized by Rule 1007 of Civil Procedure and that method was adopted rather than by praecipe and affidavit of default in accordance with the letter of the lease. In any view, however, as the majority opinion suggests, the release of errors contained in the lease renders the variance in procedure inconsequential. Cf. *Consumers Mining Co. v. Chatak,* 92 Pa. Superior Ct. 17.

Appellant's contention that as lessee it was entitled to continue in possession indefinitely from year to year after March 2, 1950, under Article 8 of the lease, is also untenable. That article provides: "The lessee shall have the right or option to extend this lease from year to year from the date of expiration thereof, under the same terms and conditions". A lease for a term certain, and thereafter to continue at the will of the lessee, may be enforceable. *Myers v. Kingston Coal Co.,* 126 Pa. 582, 601, 17 A. 891. But covenants for continued renewals tending to create a perpetuity are not favored in law, 51 C. J. S., Landlord and Tenant, §61; and leases will not be construed to give them that effect unless the intention is expressed in unequivocal

terms. 3 Thompson on Real Property (Permanent Ed.) §1174. We are in agreement with the majority below that the expressed intention in the present lease is to the contrary. Manifestly if the general language of Article 8 were to govern, the limitation of the term of the lease in the clause of demise, to one year with the privilege to renew and continue in possession from year to year for and during only two additional years, would be meaningless. But even if the two provisions were inconsistent, the specific provision of the clause of demise would govern as a qualification of the general provision of Article 8. Restatement, Contracts, §236(c). Actually there is no inconsistency between the two provisions of the lease. The specific expiration date of the original term of the lease was March 2, 1948, being "One (1) year from and after March 2, 1947" and not March 2, 1950, as appellant contends. The demise clause gave the privilege of renewal from year to year for but two additional years. Cf. *Cannon v. Keystone Co.*, 73 Pa. Superior Ct. 53. And Article 8 when read with the demise clause provides for no more than an extension of the lease, on a yearly basis only, for two additional years "under the same terms and conditions" applicable to the original term ending March 2, 1948. The lease must be construed as a whole and the intention of the parties is to be gathered from the entire instrument and not from detached portions of the agreement. *Mowry, Exr. et al. v. McWherter*, 365 Pa. 232, 74 A. 2d 154; *Harrity et al., v. Continental-Equitable Title & Trust Co. et al.*, 280 Pa. 237, 124 A. 493; *Armstrong v. Standard Ice Co.*, 129 Pa. Superior Ct. 207, 195 A. 171.

Moreover defendant was not entitled to three months notice to quit. Defendant had exercised the option of the demise clause and had continued in possession until March 2, 1950. Thereupon that date definitely marked the end of the lease. The fact that the

lease did not contain an express covenant to quit is of no moment for such covenant on the part of a lessee, to deliver up possession at the expiration of the term, is implied in every lease for a definite term. And it is the duty of a tenant as soon as the tenancy expires of its own limitation, to surrender possession of the premises without demand or notice. 3 Thompson on Real Property (Permanent Ed.) §1510. No notice to surrender possession was necessary in the present case and judgment in ejectment was properly confessed when the lessee defaulted in its obligation to quit at the end of the term as extended by the exercise of the option of the demise clause.

The lease was signed on behalf of the appellant by Philip Galiardi who was one of six partners comprising Galiardi Coal and Coke Company. There is no merit however in appellant's complaint that the judgment was improperly confessed for lack of an averment that Philip Galiardi had authority to execute the warrant of attorney and confess judgment against the partnership. President Judge CARR speaking for the majority of the court below convincingly disposed of this phase of the controversy thus: "It is true that the action of a single partner in executing a warrant of attorney to confess judgment is not binding on the partnership unless authorized by the other partners or subsequently ratified by them, but a judgment entered by virtue of such a warrant is merely voidable, and not void: Jamestown Banking Co. v. Conneaut L. D. & D. Co., 339 Pa. 26; and since the petitioner does not allege that Galiardi actually lacked that authority, the issue is not raised. Indeed, the assertion in this proceeding of the right to continued possession under the lease constitutes in itself a ratification of the entire agreement, and not only of such parts of it as the defendant desires to accept: a party who seeks to enforce an agreement made by his agent cannot be

heard to disavow the authority of the agent who made it: Mundorff v. Wickersham, 63 Pa. 87; Kramer v. Dinsmore, et al., 152 Pa. 264; Singer Mfg. Co. v. Christian, 211 Pa. 534. See also Restatement, Agency, Secs. 96, 97, 98, 99."

Order affirmed.