Seymour **HOLLANDER**, Plaintiff,

v.

The **AMERICAN OIL COMPANY**,
Defendant.

Civ. A. No. 71–640.

United States District Court,
W. D. Pennsylvania.

Aug. 2, 1971.

 

Kaufman & Kaufman, Pittsburgh, Pa., for plaintiff.

Campbell, Thomas & Burke, Pittsburgh, Pa., for defendant.

## OPINION

GOURLEY, District Judge.

■ In this proceeding for preliminary injunction, the immediate matter before the Court is a Motion to Dismiss. For present purposes, therefore, all facts well pleaded are accepted as true. Gardner v. Toilet Goods Ass'n, Inc., 387 U.S. 167, 87 S.Ct. 1526, 18 L.Ed.2d 704 (1966). Jurisdiction is premised on diversity of citizenship; additionally, violations of the Sherman Anti-Trust Act, 15 U.S.C.A. § 1 and the Clayton Act, 15 U.S.C.A. §§ 14, 15 and 26 are asserted.

The Court has held a full and complete hearing, considered the arguments and briefs of counsel, and conducted its own independent research. For the reasons hereinafter stated, it is the considered judgment of this Court that the Motion should be granted and that no injunctive relief should issue.

The question presented by this proceeding is whether an alleged violation of the anti-trust laws warrants the granting of an injunction to compel defendant to continue in a business relationship with plaintiff. Plaintiff became a retail dealer selling defendant's gasoline, lubricating oil and greases, and tires, batteries, and accessories, the latter three items being referred to as T.B.A. Products. Various agreements were entered between the plaintiff and defendant. Of key significance here are the meter marketing agreement, which was an agreement of defendant to sell gasoline to the plaintiff, and the lease of the gasoline station premises to plaintiff by defendant. The gasoline sales agreement was terminable on thirty days notice by either party; the lease of the premises was for a term commencing March 16, 1970 and ending June 29, 1971. In bold type in the lease it is clearly indicated that there was to be no successive term; in other words, the lease contains no obligation by defendant lessor to renew nor any promise by plaintiff leasee to do so at the expiration of the term.

Essentially what the plaintiff seeks by a preliminary injunction is to compel the continuation of this lease, even though the clear, unmistakable language of the lease dictates a contrary result. The legal theory upon which this is based is that the defendant compelled plaintiff to purchase T.B.A. products in violation of the anti-trust laws above cited. Plaintiff further contends that as a result of this violation the full injunctive relief of the Sherman Anti-Trust and Clayton Acts comes into play to aid plaintiff.

■ It is the view of this Court that such a position can not be sustained based on the facts and law applicable here. The record is clear that the plaintiff purchased T.B.A. products from sources other than defendant. Indeed there is evidence to show that this plaintiff purchased oil products from other producers. The plaintiff, on the other hand, has not substantiated his claim of having been compelled to purchase T.B.A. products from defendant.

If defendant had sought to terminate the lease prematurely, plaintiff perhaps would be on firmer ground. This is not the case here, however. In fact, defendant made no attempt to oust plaintiff from the leased premises, although as the termination date of the lease approached, a letter requesting plaintiff to quit the premises was mailed by one of defendant's representatives. This Court is aware that a refusal to renew a lease may constitute a violation of the Clayton Act and the Sherman Anti-Trust Act. Simpson v. Union Oil Co. of California, 377 U.S. 13, 84 S.Ct. 1051, 12 L.Ed.2d 98

(1964). However, this case indicates that lease renewals were contemplated but made subject to certain conditions precedent such as selling gasoline at a price set by the oil company. These conditions precedent amounted to violations of the anti-trust laws. The supplier in *Simpson, supra,* refused to renew the lease *solely* because the retailer sold gas below the fixed price. In the instant suit it is clear that there never was any lease renewal contemplated. Both parties agreed to a term from March 16, 1970 to June 29, 1971, "and for NO subsequent successive terms."

■■ Under Pennsylvania law, there is no right to a renewal of a lease unless a covenant therefor is contained in the lease in clear and unequivocal terms. Further, it is clear that a lease for a definite term expires by its own limitation and it is incumbent upon the tenant, without notice to quit, to surrender the premises. Sterle v. Galiardi Coal & Coke Co., 168 Pa.Super. 254, 77 A.2d 669 (1951). Moreover, the record indicates that defendant chose not to renew the plaintiff's lease for reasons other than plaintiff's refusal to buy T.B.A. products, such as declining gasoline sales and failing to keep the gas station clean.

■ ■ Plaintiff relies on Bergen Drug Company v. Parke, Davis & Company, 307 F.2d 725 (3d Cir. 1962) to sustain his position. This case is distinguishable from the instant matter because it does not involve in any way a landlord-tenant relationship. The *Bergen* case indicates that a preliminary injunction may properly issue to compel a manufacturer to continue to sell to a wholesaler in the face of alleged anti-trust violations. However, I do not read this case as authority to compel the continuation of a landlord-tenant relationship which by state law has terminated. The purpose of a preliminary injunction is to prevent irreparable harm by preserving the status quo. When such relief is requested, it should be granted only in rare instances where the facts and law are clearly in favor of the mov-

ing party. Exhibitors Poster Exchange, Inc. v. National Screen Service Corporation, 441 F.2d 560 (5th Cir. 1971). It is the considered judgment of this Court that neither the facts nor the law are *clearly* in favor of plaintiff. Plaintiff has failed to establish three things which must exist concurrently for a preliminary injunction to be issued, namely: irreparable injury, equities in his favor, and a reasonable likelihood of success on the merits. Midland-Ross Corp. v. Sunbeam Equipment Corp., 316 F. Supp. 171 (W.D.Pa.1970).

Accordingly, the Motion to Dismiss plaintiff's Motion for Preliminary Injunction is granted. An appropriate order is entered.