## Barr v. March

*Robert Gawthrop, Jr.*, for plaintiff.
*Joseph Harvey*, for defendant.

KENT, J., June 15, 1972.—This matter is before the court on plaintiff's motion for judgment on the pleadings. The pleadings in question consist of a complaint and answer which the parties agree effectively resolve all questions of fact.

On June 20, 1952, plaintiff and defendant entered into a lease agreement for certain described premises in West Goshen Township. The lease was for an initial term of 10 years and contained the following provision:

"The Lessee is hereby given the right and option of renewing the term of this lease for a further period of ten (10) years beginning at the expiration of the present term, under the same terms and conditions except the amount of rent for said renewal term, provided the Lessee shall not be in default hereunder at the expiration of the original term hereof . . ."

Thereafter, on June 11, 1962, immediately prior to the expiration of the original term, both parties executed a document which was, in form, a letter from plaintiff to defendant which provided in part as follows:

"Since I have exercised my option to renew the Lease which you and I entered into on June 20th, 1952, concerning your property situate on the West Chester/Philadelphia Pike, which Lease originally was for a term of ten (10) years and the renewal term provided for therein is for an additional period of ten years, I hereby set forth the terms applicable to the renewal:

"1. The provision of the original lease shall apply in all respects except as set forth below . . .

"2. The parties hereto agree to be mutually bound hereby and hereby acknowledge that, except as provided for above, all terms of the original lease shall be applicable during the term of the renewal period."

The same document provided for the rental to be paid during the renewal term and permitted the lessee to sublease.

In his complaint, plaintiff avers the giving of the requisite notice in an effort to renew the lease for an additional 10-year term upon its expiration in 1972. By her answer, defendant admits receipt of the notice

in question but denies plaintiff's right to the renewal under the above quoted language.

The question presented is whether the language of the June 11, 1962, document conferred upon plaintiff the right to renew the lease for a further 10-year term commencing in 1972. Its resolution requires a determination of the intention of the parties as manifested by their words: Swigert v. Hartzell, 20 Pa. Superior Ct. 56 (1902).

The language of the original lease set forth above speaks of a single renewal term for a further period of 10 years and was in fact accepted as such by both parties with respect to the term from 1962 to 1972. If any further renewal was intended, it must be found in the language of the document of June 11, 1962.

Generally, a covenant for renewal in a lease is satisfied by one renewal and will not be construed to confer the right to more than one renewal unless provision is clearly and expressly made for further renewals. It has been held that a general covenant to renew with like terms, conditions, and covenants does not entitle the tenants to have the covenant for renewal inserted in the renewed lease: Pettit v. Tourison, 283 Pa. 529 (1925); Swigert v. Hartzell, supra. While the parties may, by appropriate language, agree upon further renewals of the lease, leases will not be construed to give them that effect unless that intention is expressed in unequivocal terms.

To the same effect is Sterle v. Galiardi Coal & Coke Co., 168 Pa. Superior Ct. 254 (1951). There it was said, "But covenants for continued renewals tending to create a perpetuity are not favored in law . . . and leases will not be construed to give them that effect unless the intention is expressed in unequivocal terms": 168 Pa. Superior Ct. 254, 257-58.

Plaintiff urges that the use of the words "all terms of the original lease shall be applicable during the term of the renewal period," constitute such an unequivocal expression. With this contention we do not agree. In the Pettit case the court said, "There are many covenants which are often found in leases which are independent and not essential parts of the demise, which, without express agreement to that effect, are not to be incorporated in renewals thereof, such as a covenant to renew or any covenant that has been fulfilled and is not continuous. For example, the rule is well established that a lease containing a covenant to renew at expiration upon the same terms and conditions is fully carried out by one renewal without the insertion of another covenant to renew. (Citing cases)": 283 Pa. 529, 531.

According to one authority, the requisites of a valid lease are (1) a lessor capable of making a demise; (2) a lessee capable of accepting the demise; (3) a thing which is capable of being demised; (4) in writing if the subject matter can only be demised in that manner; (5) a definite time to take effect in possession as well as termination, and (6) an accurate description of the place to be leased: Stern's Trickett on the Law of Landlord and Tenant, Third Ed., Chap. 1, p. 2. The provision for renewal in the original lease is an independent clause in that lease conferring upon the lessee rights in addition to those required for the validity of his tenancy.

As in the Pettit case, it would have been a simple matter to have employed apt language to include the renewal clause expressly had that been the parties' intent. The language employed by the parties in the 1962 document makes no specific express reference to any continuation of the renewal clause. In the

absence of such an express reference, we find the requisite intent to sustain plaintiff's motion lacking.

Pennsylvania Rule of Civil Procedure 1034(b) provides that: "The court shall enter such judgment or order as shall be proper on the pleadings." Judgment on the pleadings may be entered when the case turns exclusively on a question of law in favor of the appropriate party no matter who makes the actual motion: Chonez v. Long, 35 Del. Co. 353 (1947). Accordingly, we make the following

### ORDER

And now, June 15, 1972, plaintiff's motion for judgment on the pleadings is dismissed and judgment is hereby entered for defendant. Each party shall pay his own costs.