## APPEAL OF J. B. RICHARDS.

### [Speers v. Richards.]

#### FROM THE DECREE OF THE COURT OF COMMON PLEAS OF FAYETTE COUNTY.

Argued May 13, 1889—Decided May 27, 1889.

*(a)* Pending a scire facias to revive a judgment, at issue under the plea of nul tiel record, the defendant, alleging insufficiency of the power under which the judgment had been confessed, and also payment, presented a petition for a rule to strike off the judgment and to open the same to let in a defence.

1. The judgment having been entered thirteen years before the scire facias issued, and sixteen years before the petition was presented, and no reason assigned for the delay, it was not error to discharge the rule granted and to permit the defence of payment to be made upon the trial of the scire facias.

Before Paxson, C. J., Sterrett, Green, Clark and McCollum, JJ.

No. 115 July Term 1888 and No. 11 July Term 1889, Sup. Ct.; court below, No. 164 September Term 1872, C. P.

On February 20, 1888, J. B. Richards presented his petition setting forth that the note upon which the judgment, entered to the number and term of the court below referred to, in favor of Charles C. Speers against J. F. Richards and J. B. Richards, for the sum of $1,500, " did not authorize any such act as a confession of judgment, and that said judgment was illegally confessed and entered, and is and was, therefore, void and of none effect; that the payment of said indebtedness was acknowledged to the deponent by Charles C. Speers in his lifetime, as deponent is ready and willing to prove by competent witnesses ;" praying for a rule " to show cause why the entry of said judgment should not be stricken off and said judgment opened and he be let into a defence," etc.

To the rule granted, an answer was filed denying that the indebtedness was paid and averring that said judgment had been duly entered on August 20, 1872; that on July 24, 1885,

a scire facias to revive said judgment was issued to No. 204 September Term 1885, to which the defendants had pleaded nul tiel record, and that said proceeding was still pending undetermined.

The note upon which said judgment was entered was as follows:

$1,500.00.

"We promise to pay to Charles C. Speers fifteen Hundred Dollars for value Receiv'd and we hereby authorize the Prothonotary of Fayette County Penna to enter this on record hereby releasing all errors. Witness our hand and seals with interest at the rate of six per cents this Twentieth Day of March, A. D. 1872.

J. F. Richards.   [L. S.]"<br>J. B. Richards.   [L. S.]"

Charles C. Speers had died, and E. L. Speers, his executrix, was substituted to the record of the judgment. J. F. Richards had also died, and J. B. Richards, his administrator, was substituted.

The proceeding was heard on petition and answer, and on March 15, 1888, the court, Ewing, J., without opinion filed, discharged the rule granted.

Thereupon the petitioner took an appeal, to No. 115 July Term 1888, and subsequently a writ of error to No. 11 July Term 1889, assigning for error in each the order of March 15, 1888, discharging the rule to show cause, etc.

*Mr. Edward Campbell* (with him *Mr. Howell* and *Mr. Reppert*), for the appellant.

Counsel cited: Section 28, act of February 24, 1806, 4 Sm. L. 278; Rabe v. Heslip, 4 Pa. 139; Moore v. Hutchinson, 1 Phila. 377.

*Mr. R. P. Kennedy* (with him *Mr. Homer H. Swaney*), for the appellee.

Counsel cited: Helvete v. Rapp, 7 S. & R. 306; Lamb's App., 89 Pa. 407; First N. Bank's App., 106 Pa. 68; McCalmont v. Peters. 13 S. & R. 196; Cook v. Gilbert, 8 S. & R. 567.

PER CURIAM:

This was an appeal from the refusal of the court below to

open a judgment. The petition filed upon which the rule was granted, contained a prayer that the entry of said judgment be stricken off and that it be opened and the defendant let into a defence. The court did not act upon the motion to strike off the judgment; the motion to open it was refused. Had it acted upon both, the refusal to open is the only one that could be heard upon this appeal. There is no merit in either application. The judgment had been of record for sixteen years before any application was made either to strike off or to open it, and no reason is assigned for the delay. Aside from this, the only defence which the defendant sets up, that of payment, can be heard upon the scire facias to revive, which is now pending.

The order is affirmed.