WALTER TEDFORD *et al., Board of License Commissioners of the Town of Hopkinton vs.* CHARLES F. REYNOLDS, *Liquor Control Adm'r.*

MAY 9, 1958.

PRESENT: Condon, C. J., Roberts, Andrews and Paolino, JJ.

PAOLINO, J.  This is a petition for certiorari to review the action of the state liquor control administrator in directing the members of the town council of the town of Hopkinton, acting in their capacity as a board of license commissioners, to issue a class B victualler's alcoholic beverage license to John F. Morgan.  The writ was issued and pursuant thereto all pertinent records have been certified to this court.

It appears therefrom that John F. Morgan, hereinafter referred to as the applicant, on February 6, 1956 applied to petitioners, who are members of the town council and who hereinafter will be referred to as the board, for a class B victualler's beverage license for premises located on Route 3 in the town of Hopkinton.  After such application was denied by the board, the applicant appealed to the liquor control administrator who, on April 4, 1956, rendered a decision upholding the board's action.  Thereafter on December 24, 1956 the applicant again applied for a similar license for the same premises and it was denied by the board on January 28, 1957.  The applicant did not appeal therefrom.

However, on or about April 1, 1957 the applicant again applied for the same class of license.  After a hearing thereon the board, on April 23, 1957, in denying the same, stated in its decision: " * * * it is the feeling of this Council that the Town of Hopkinton has all the beverage licenses that it should have at the present time and that the policy of not increasing the number of alcoholic beverage licenses in the Town should be adhered to and further that said policy was restated at the meeting of this Town Council on December 3, 1956 by vote duly taken * * *."

Thereafter, on July 16, 1957, the administrator rendered a decision sustaining the applicant's appeal from the April

decision and he directed the board to issue such license at its earliest convenience. In referring to his prior decision in 1956 wherein he upheld the board's action in denying a similar application, he noted that at that time no witnesses appeared in behalf of the applicant and no petition was presented favoring the granting of the license, as in the instant appeal. He also stated: "The policy adopted by the Town Council is not a limit of licenses as prescribed by statute," and that from the testimony "it appears that public convenience would be served by the granting of this license."

The board's instant petition is based on its contention that the administrator's decision of July 16, 1957 is unlawful and in support thereof it presents the following points.

Under point I the board argues that inasmuch as the license year for which the applicant applied terminated on December 1, 1957, and no application has been filed by him either for a renewal or for the granting of a license for the license year commencing on December 2, 1957, there is no question at this time for us to determine. In other words the board, which brought this petition on the ground that the administrator's action was unlawful, argues that the question is now moot, since the license year to which the license applied has expired. It bases its contention in part on the following provision of general laws 1956, §3-5-8: "Every license except retailer's class F licenses and retailer's class G licenses shall expire on December 1 next after its issuance."

General laws 1956, §3-5-14, relates to the issuance of manufacturer's, wholesaler's or retailer's class G and class I licenses, and §3-5-15 then provides: "The right, power and jurisdiction to issue all other licenses authorized by this title within the maximum number to be fixed as hereinafter provided, shall be in the town councils or license boards of the several towns * * *." The board contends that under the provisions of §3-5-15 jurisdiction to hear and deter-

mine applications for such license, as well as applications for renewals, is in the first instance vested in the town council sitting as a licensing board; and that because there has been no application for a license for the license year commencing December 2, 1957, either before the board or the administrator on appeal, the administrator has no power to order the board to issue a license for such year.

We do not agree with this contention. Under the provisions of G. L. 1956, §3-7-21, the liquor control administrator is by express language granted "the right to review the decision of any local board, and after hearing, to confirm or reverse the same in whole or in part, and to make such decision or order as to him shall seem proper * * *." By necessary implication an applicant for a license, such as in the instant case, acquires the right of review under §3-7-21.

In *Kaskela* v. *Daneker,* 76 R. I. 405, this court stated in substance that the power of review vested in the liquor control administrator is not limited to a mere review of errors of law, and that the administrator may in his discretion hear cases de novo. To adopt the board's contention would be to effectively deprive the administrator of his power to review and would unjustly take away from an applicant for a license the right to have his application reviewed for errors of law or heard de novo in accordance with the express language of §3-7-21. *Board of Police Comm'rs* v. *Reynolds,* 86 R. I. 172, 133 A.2d 737, 740, 741.

It is undisputed that the application here was filed before the passage of public laws 1957, chap. 150. Therefore the board originally and the administrator on appeal retained the power to grant such application by the express provisions of chap. 150, *supra,* which provided in part "that the several cities and towns may issue such retailers' license class B or D where an application for such class B or D licenses was filed prior to the passage of this act."

Moreover an important public interest is involved here affecting not only the town of Hopkinton but also all the

cities and towns of this state. The board contends that it has lawfully limited the number of licenses of each class within its jurisdiction in accordance with the provisions of G. L. 1956, §3-5-16. On the other hand the administrator has ruled that the board has not done so. In our opinion the public interest requires, and the people of the town of Hopkinton are entitled to, a determination by this court of the correctness of the ruling of the administrator on this issue. See *Clark* v. *Alcoholic Beverage Comm'n,* 54 R. I. 126, 131, 132. See also *Board of Police Comm'rs* v. *Reynolds, supra,* where this court stated that a similar issue raised in that case presented a question of law.

We have considered the board's contention relating to the refusal of the administrator to admit certain offers of proof pertaining to policy resolutions passed by the town council at meetings other than the meeting at which the instant application was denied. We are satisfied from a reading of the entire transcript that such rulings were not erroneous. In any event, even if we assume that the administrator was in error in rejecting such offers of proof, it is clear that the board was not thereby prejudiced, since the administrator acknowledged that the information contained in such offered testimony was already in the record in the form of testimony given by the town clerk relating to prior votes of the town council setting forth the policy pertaining to the limitation of licenses. Moreover, it is well established that administrative bodies are not generally bound by strict rules of evidence where there is no disregard of substantial law or positive provisions of the law governing such boards. See 20 Am. Jur., Evidence, §7, p. 37.

The control and regulation of alcoholic beverage licenses is purely statutory. There is no provision in the statutes governing the granting of class B victualler's beverage licenses which prohibits an applicant from filing more than one application for such license or the administrator from hearing appeals from a denial thereof. The board itself

conceded the applicant's right to do so in the instant case by having accepted, heard and passed upon his three successive applications for the same class of license and for the same premises.

Under the provisions of §3-7-21 the administrator in his sound discretion had the right in each instance to review the action of the board, upon a proper appeal, and to decide each appeal on its merits. Moreover he had the power to hear the appeals de novo, in whole or in part. *Kaskela v. Daneker,* 76 R. I. 405. The administrator's decision of April 4, 1956 related to an application filed on February 6, 1956, whereas his decision of July 16, 1957 was based on an application filed April 1, 1957. Therefore we are of the opinion that the board's contention, that the administrator's decision of April 4, 1956 is res adjudicata of the appeal entered by the administrator on July 16, 1957, is without merit.

The board next contends that under the provisions of §3-5-15 and P. L. 1957, chap. 150, only the town council has the power to issue a license to the applicant. It is now well established in this state that under existing law the liquor control administrator may on the applicant's appeal hear the case de novo in whole or in part as a superlicensing board, and that he has the power, after hearing, to confirm or reverse the board's decision in whole or in part and to make such decision or order as to him shall seem proper. *Board of Police Comm'rs v. Reynolds,* 86 R. I. 172, 133 A.2d 737, 740, and cases cited therein. There is, therefore, no merit in the board's instant contention. Moreover under existing law there is no appeal from the administrator's decision on the facts, and in the instant petition we are strictly confined to questions of law.

The main question of law raised by the present petition is whether on the record before him the administrator, by directing the board to grant a license, thereby exceeded the number of class B licenses lawfully allowed in the town of

Hopkinton. The board is properly before us as the representative of the people of Hopkinton. *Board of Police Comm'rs* v. *Reynolds,* 86 R. I. 172, 133 A.2d, at page 741. It contends in substance that it has lawfully limited the maximum number of licenses in its town in accordance with the provisions of §3-5-16. The administrator, on the contrary, ruled that it had not done so lawfully.

The board has the burden of proving by the record certified by the administrator that it has actually fixed a maximum of each class of license in accordance with §3-5-16. In support of its contention the board presented testimony that on January 8, 1951 the town council voted "that it is the policy of this Town Council that no more on-premise alcohol licenses be granted in the town of Hopkinton than is held at the present time"; that this policy has been consistently adhered to; that at the time of passing such vote there were two class B victualler's beverage licenses in the town; that a similar vote was taken on December 3, 1956; that at meetings held on February 23, 1956, January 28, 1957 and April 23, 1957 the town council, in denying the applicant's three successive applications, stated in its decisions that "it is the feeling of this Council that the Town of Hopkinton has all the beverage licenses that it should have and that the policy of not increasing the number of alcoholic beverage licenses in the Town at the present time should be adhered to * * *."

The board contends that the foregoing testimony is sufficient proof that it has adopted a rule or regulation in accordance with the requirements of §3-5-16 which reads as follows: "The department of business regulation shall have the right and power to limit the number of licenses of each class; provided, however, that such limit shall not exceed the maximum number, if any, of any class of license that is fixed by the licensing boards within their respective towns or cities * * *."

It is now well settled that if a local board desires to avail

itself of the authority granted to it under §3-5-16 it should do so by adopting a rule or regulation. *Board of Police Comm'rs* v. *Reynolds*, 86 R. I. 172, 133 A.2d, at page 741. See also *Beachwood Inc.* v. *Liquor Control Adm'r*, 84 R. I. 130, 122 A.2d 142. The votes referred to by the board in the case at bar related to "on premise" licenses and to the "number of alcoholic beverage licenses," but nowhere in such votes does it appear that the board adopted a rule or regulation limiting the number of licenses of any particular class. Compliance with the pertinent statute requires the adoption by a formal vote by the board of a rule or regulation fixing specifically the maximum number of licenses of each particular class which it contemplates limiting. There is nothing in the instant record to indicate that the board ever voted formally to limit the number of class B licenses in accordance with the requirements of §3-5-16. For these reasons the administrator's ruling that "The policy adopted by the Town Council is not a limit of licenses as prescribed by statute" was not in error and, therefore, he did not exceed his jurisdiction by directing the board to grant the application. *Board of Police Comm'rs* v. *Reynolds,* 86 R. I. 172, 133 A.2d, at page 741.

The petition for certiorari is denied and dismissed, the writ heretofore issued is quashed, and the records which have been certified to this court are ordered returned to the respondent with our decision endorsed thereon.

*Edward M. Botelle,* Town Solicitor, for petitioners.

*Edward F. J. Dwyer,* Assistant Attorney General, *Benjamin Winicour,* for respondent.

*Newton, Brodsky & Kiernan, Archibald B. Kenyon, Jr.,* Amicus Curiae.

*William J. McGair,* Amicus Curiae.