## Gilberton Coal Company *v.* Schuster, Appellant.

Argued January 13, 1961. Before JONES, C. J., BELL, MUSMANNO, JONES, COHEN, BOK and EAGEN, JJ.

*Thomas D. McBride,* with him *Victor Wright, George I. Puhak, W. J. Krencewicz,* and *McBride, von Moschzisker & Bradley,* for appellants.

*Ralph M. Bashore,* with him *John J. Curran,* for appellee.

OPINION BY MR. JUSTICE EAGEN, March 23, 1961:

This is an appeal from an order in the court below refusing to strike from the record a judgment, entered under a warrant of attorney, in an amicable action of ejectment.

"A rule to strike off a judgment is in the nature of a demurrer directed to defects in the record. If the record is self-sustaining, the judgment cannot be stricken": *Lipshutz v. Plawa,* 393 Pa. 268, 271, 141 A. 2d 266 (1958).

The record discloses that the judgment-plaintiff, the Gilberton Coal Company, entered into a written

agreement with the City of Philadelphia, Trustee under the will of Stephen Girard, deceased, wherein the plaintiff, in consideration of payment of specified royalty payments, was given "the exclusive license, right and privilege of carrying away the material contained" in certain refuse banks located in Shenandoah Borough in Schuylkill County. The refuse, or culm, was a resulting deposit from the process of first mining of coal, and contained valuable coal recovery. The license extended for a period of five years, with the right of renewal for five successive one-year terms.

Subsequently, the plaintiff entered into a written agreement with the defendants, Vincent J. Schuster and Frederick J. Schuster t/a Clinton Contracting Company, under the terms of which the defendants undertook to clean, wash, prepare, process and size, the coal recovered from the refuse or culm banks, and deliver it to the plaintiff for sale. This contract contained, inter alia, a warrant of attorney empowering an attorney to sign an agreement for the entry of an amicable action in ejectment and, to confess judgment in ejectment against the defendants. Following an alleged breach of the contract by the defendants, an amicable action and confession of judgment was entered of record, and a writ of habere facias possessionem issued. It is the legality of this judgment that is now questioned.

The above facts manifest that the plaintiff is not vested with such an interest in land which must necessarily form the basis of an adverse action in ejectment. Such an action is one in which possessory titles to *corporeal hereditaments* are adjudicated. It lies to gain possession of real property: *Dice v. Reese,* 342 Pa. 379, 21 A. 2d 89 (1941). The plaintiff's title, or right of possession, is essentially grounded upon the grant from the trustee of the Girard Estate. This vested in the plaintiff, not a possessory interest in the

land, but merely a license. It, in effect, was a sale of the refuse or culm bank with the necessary permission to enter upon the land for the purpose of recovering and removing the coal therefrom. Culm, or refuse, incident to mining which is removed from its original place and piled on the surface of the land is personal property: *Coal Co. v. Railroad Co.,* 187 Pa. 145, 41 Atl. 37 (1898); *Kramer v. Slattery,* 260 Pa. 234, 103 Atl. 610 (1918); *Russell v. Howe,* 30 Pa. Superior Ct. 591 (1906). The license to remove and carry away personal property is not a corporeal hereditament: *Funk v. Haldeman,* 53 Pa. 229 (1866); *Boyle v. Coleraine Colliery Co.,* 323 Pa. 224, 185 Atl. 838 (1936); *Carnahan v. Brown,* 60 Pa. 23 (1869). Ejectment will not lie to test the right of possession to personal property: *Hayes v. Treat,* 178 Pa. 310, 35 Atl. 987 (1896); *Dime Bank & Trust Co. of Pittston v. Walsh,* 143 Pa. Superior Ct. 189, 17 A. 2d 728 (1941); 13 Stand. Pa. Prac. 418 (1957); 12 P.L.E., Ejectment, §2.

If plaintiff's possessory interest is such as would not support an adverse action in ejectment, may an amicable action in ejectment be maintained regardless? We think it is clear it cannot.

In Pennsylvania an amicable action is a mode of *instituting* litigation without the intervention of the sheriff. It is peculiar to our practice, of ancient sanction and existence, independent of statute: 1 Stand. Pa. Prac. 534 (1960). However, in the Act of June 13, 1836, P. L. 568, §40, 12 PS §316, the legislature provided: "It shall be lawful for any persons, willing to become parties to an amicable action, to enter into an agreement, in writing, for that purpose, either in their proper persons, or by their respective agents or attorneys, and on the production of such agreement to the prothonotary of any court having jurisdiction of the subject matter, he shall enter the same on his docket, and from the time of such entry, the action

shall be deemed to be depending, in like manner *as if the defendant had appeared to a summons issued*[1] against him by the plaintiff."

The Superior Court in *Pgh. Ter. Coal Corp. v. Potts,* 92 Pa. Superior Ct. 1 (1927), speaking of Section 40, at p. 8, said: "The section contemplates not merely actions in ejectment but any kind of amicable . . . proceedings, which were to be commenced in the manner elaborately provided for therein, and such amicable actions as any persons were willing to become parties to. Long before its approval the right of parties to agree to the entering of an amicable action and to the confession of a judgment therein had been recognized, and the validity of such judgments sustained, at common law." They further said, at p. 10: "From . . . common law principles and practice relating to amicable actions it is clear that the one essential thing is that the defendant in the proposed action shall have agreed that it shall be an amicable, as distinguished from an adverse, proceeding, and that he will therein confess, or authorize his attorney to confess for him, such judgment as *the plaintiff would be entitled to recover in the event of a successful termination of similar adverse proceedings.*"

Again, in *Shappell v. Himelstein,* 121 Pa. Superior Ct. 418, 183 Atl. 644 (1936), the court in answer to an objection that the plaintiff, in an amicable action and confession of judgment in ejectment, wasn't entitled to have the defendant deliver up the premises stated, at p. 422: "By the amicable confession of judgment, the lessee agreed that the same judgment could be entered as the plaintiff would have been entitled to recover in the event of a successful termination *of a similar adverse proceeding*: Pgh. Ter. Coal Corp. v. Potts, [citation], and it cannot successfully be argued

---

[1] Italics throughout, ours.

that in an adverse proceeding under the present facts, plaintiff would not be entitled to the premises."

In *Consumers Min. Co. v. Chatak*, 92 Pa. Superior Ct. 17 (1927), the court in speaking of the *Pgh. Ter. Coal Corp. v. Potts*, supra, said, at p. 24: "We also held that just how the action should be commenced and entered in the court having jurisdiction and whether a writ should actually be issued, or merely assumed to have been issued, are immaterial matters of procedure if the defendant has clearly agreed to the above mentioned essentials and *the cause of action appears with reasonable certainty.*" See also, *Grakelow v. Kidder*, 95 Pa. Superior Ct. 250 (1929). *Gratz's Adm'rs. v. Philips*, 2 Penr. & W. 410, held that an amicable action of ejectment may be entered into by a woman if she were capable of making the agreement and *could be a party to an adversary process.* Therefore, it becomes readily apparent that in order to support an amicable action of ejectment, both before and after the Act of 1836, it is necessary that the property interest, which gives rise to the amicable action, must be such as would support an adverse action. Section 40 is merely a recognition of a common law practice and wasn't intended to change the existing rule that ejectment *lies for real property* whether it be in an adverse or amicable action.

The order of the lower court is reversed and the record is remanded with directions to strike off the judgment.