## Pittsburgh Housing Authority v. Turner

*Everette E. Utterback*, for plaintiff.

*Henry R. Smith, Jr.*, and *Jordan, Smith & Freeland*, for defendant.

OLBUM, J., March 15, 1963.—Defendant has petitioned to strike the judgment in ejectment entered by amicable action in the exercise of the following warrant of attorney:

"When this lease shall be determined by term, covenant or condition broken, or for any other cause provided in this lease, either during the original term of this lease or any renewal or extension thereof, and also when and as soon as the term hereby created or any extension thereof shall have expired, it shall be lawful for any attorney for Tenant to file an agreement for entering in any competent Court an amicable action for judgment in ejectment against Tenant and all persons claiming under Tenant for the recovery by the Authority of possession of the herein demised premises, for which this lease shall be his sufficient warrant, whereupon, if the Authority so desires, a writ of Habere Facias Possessionem may issue forthwith without any prior writ or proceedings whatsoever . . ."

Counsel for defendant argues that the judgment is void because the warrant provides authority to an attorney for the tenant only to enter into an amicable action for judgment in ejectment, and does not specifically authorize the confession of such judgment. He points to that provision of the lease authorizing the confession of a judgment for rent in arrears, which provides for an amicable action "to confess judgment" against the tenant for such arrearages. The thrust of his argument is that this judgment is defective on its face because of the absence in the warrant of attorney of the words "to confess judgment," and that its entry violates the rule stated in Grady v. Shiffer, 384 Pa. 302, 306, as reaffirmed in Housing Mortgage Corporation v. Tower Development & Investment Corporation, 402 Pa. 388, in which the Supreme Court said:

"It is a firmly established rule of construction in the case of warrants of attorney to confess judgments that the authority thus given must be clear, explicit and strictly construed, that if doubt exists it must be resolved against the party in whose favor the war-

rant is given, and that all proceedings thereunder must be within the strict letter of the warrant . . ."

The simple issue here is whether the language of the warrant of attorney signed by defendant properly manifests defendant's intention to permit any attorney to appear for her and to confess a judgment against her. We must conclude that it does. We fail to perceive any merit whatsoever in defendant's contention, nor any reason for holding that the judgment entered on the instant warrant of attorney violates the quoted rule.

"Strictly speaking a *warrant of attorney* is a power given by a debtor to a certain designated person or class of persons to do a certain act, namely appear for the debtor in a court of record and confess a judgment there against the debtor. A *confession of judgment* on the other hand is the admission of the defendant upon which the judgment of the court is predicated. The two terms 'confession of judgment' and 'warrant of attorney to confess judgment' are used almost interchangeably, and courts have gone to great lengths to uphold the confession or the warrant, *providing the proper intention to confess judgment is displayed, regardless of the language used"*: Klein, Judgment by Confession in Pennsylvania, pages 158-159. (Italics supplied.)

That it is not necessary for the warrant of attorney to include the words "to confess judgment" is established by Cooper v. Shaver, 101 Pa. 547, in which it was held that the words "I authorize any attorney or prothonotary to enter judgment against me" was held to authorize the entry of judgment by confession under the Act of February 24, 1806, 4 Sm. L. 270, although the word "confess" was not used. Likewise, in Appeal of Richards, 127 Pa. 63, it was held that the note containing the language "we authorize the Prothonotary of Fayette County, Pennsylvania, to

enter this on record" was a valid judgment by confession without the use of the word "confess."

In Pittsburgh Terminal Coal Corporation v. Potts, 92 Pa. Superior Ct. 1, the Superior Court sustained a judgment confessed in an amicable action of ejectment. The court, in a comprehensive review of the law relating to judgment by amicable action, said, at pages 7, 10, and 12:

"The real question arising is not whether the amicable action was entered in strict conformity with the Act of 1836, or any other act of assembly, but rather whether the attorney who acted upon this occasion for appellant exceeded in any way the authority conferred upon him by appellant when he signed the lease. Judgments rendered in amicable actions do not depend for their validity upon conformity with the provisions of any act of assembly; such actions and judgments are not statutory but were well known at common law and Section 40 of the Act of June 13, 1836, P. L. 572, 579, is merely a recognition of an established common law practice . . .

"From these authoritative statements of common law principles and practice relating to amicable actions it is clear that the one essential thing is that the defendant in the proposed action shall have agreed that it shall be amicable, as distinguished from an adverse, proceeding, and that he will therein confess, or authorize his attorney to confess for him, such judgment as the plaintiff would be entitled to recover in the event of a successful termination of similar adverse proceedings . . .

"*The filing with the prothonotary of an agreement that an amicable action in ejectment be entered was sufficient at common law and such judgment as the parties had agreed upon could be entered therein.* It is clear from the terms of this lease that the lessee authorized, upon the arising of the cause of action stated

in the filed declaration, the entering of the action and the confession of the judgment forthwith or at any subsequent time . . ." (Italics supplied.)

Gilberton Coal Company v. Schuster, 403 Pa. 226, 229, also involved a petition to strike a judgment entered under a warrant of attorney in an amicable action of ejectment. The Supreme Court said:

"In Pennsylvania an amicable action is a mode of instituting litigation without the intervention of the sheriff. It is peculiar to our practice, of ancient sanction and existence, independent of statute: 1 Stand. Pa. Prac. 534 (1960). However, in the Act of June 13, 1836, P. L. 568, §40, 12 PS §316, the legislature provided: 'It shall be lawful for any persons, willing to become parties to an amicable action, to enter into an agreement, in writing, for that purpose, either in their proper persons, or by their respective agents or attorneys, and on the production of such agreement to the prothonotary of any court having jurisdiction of the subject matter, he shall enter the same on his docket, and from the time of such entry, the action shall be deemed to be depending, in like manner *as if the defendant had appeared to a summons issued* against him by the plaintiff.' "

The Supreme Court then quoted with approval some of the language we have quoted herein from Pittsburgh Terminal Coal Corporation v. Potts, supra. See also Vesta Coal Company v. Jones, 92 Pa. Superior Ct. 30.

Shappell v. Himelstein, 121 Pa. Superior Ct. 418, 420, also involved the legality of a judgment confessed in an amicable action in ejectment. The warrant of attorney in that case, which did not include the words "to confess judgment", and is, *in substance*, indistinguishable from the warrant in the instant case, was as follows:

"Confession of Judgment: If lessee shall fail to perform any of his agreements herein, he directs any attorney or prothonotary or clerk of court to sign in his behalf an agreement for entering in any competent court *an amicable action and a judgment against lessee in ejectment* for possession of the premises . . . Upon the entry of such judgment, or of any other judgment for possession or for rent and for other charges, an appropriate writ of possession and/or execution shall immediately issue . . ." (Italics supplied.)

In sustaining the confession of judgment entered under that warrant of attorney, the Superior Court said, at page 422:

"The lease having been terminated as provided, it necessarily follows that it was the duty of the lessee to deliver up possession of the premises at the expiration of the term. The lease was for a definite period, and when the lessee failed to deliver up possession at the end of the term, he failed to perform his agreement, in which event the lessor or his assignee was authorized to enter the confession of judgment in ejectment. By the amicable confession of judgment, the lessee agreed that the same judgment could be entered as the plaintiff would have been entitled to recover in the event of a successful termination of a similar adverse proceeding: Pittsburgh Terminal Coal Corp. v. Potts, 92 Pa. Superior Ct. 1, 10, and it cannot successfully be argued that in an adverse proceeding under the present facts, plaintiff would not be entitled to the premises."

It is worthy of note that the warrant of attorney in Shappell v. Himelstein, supra, and that in the instant case are both indistinguishable *in substance* from one of the "common forms of warrant" set forth in Klein, Judgment by Confession in Pennsylvania, at pages 207-208, in which similarly no form of the word "confess" appears.

The language of the Supreme Court in Noonan, Inc. v. Hoff, 350 Pa. 295, 299, is apposite:

"The question in the present case is whether the attorneys acting for defendant did in fact confess this judgment as they were empowered to do by the warrant of attorney contained in the contract. That they did not do so ipsissimis verbis or in other conventional terms must be conceded. But no particular *phraseology in confessing a judgment is required; it is the substance and not the form that is important.* What the attorneys were authorized to do was to cause a judgment to be entered against defendant and if they instructed the prothonotary to do this in a ministerial capacity *they were, in effect, confessing a judgment,* and the prothonotary was acting, not independently by virtue of his office and in pursuance of the duty imposed upon him by the Act of 1806, *but on behalf of attorneys for defendant authorized to do what defendant could have done himself, namely, cause or procure a judgment to be entered against him;* certainly, if he himself had instructed the prothonotary to enter this judgment he would be confessing judgment against himself, and *that is just what the attorneys did who appeared for him under the authority given by him for that purpose.*" (Italics supplied.)

Relating the authorities we have quoted to the facts of this case, it is abundantly clear that a warrant of attorney to confess judgment need not contain any form of the word "confess," nor any other specific words, provided "the proper intention to confess judgment is displayed"; that this defendant had specifically agreed that upon the determination of the lease any attorney might enter into an *"amicable action for judgment in ejectment"* against her, whereupon a writ of habere facias possessionem might issue forthwith; and that the entry of judgment in ejectment was precisely what the defendant had authorized any attorney

to do in her behalf, namely, *to confess judgment against her.* It follows therefore that the judgment in ejectment is regular and legal, and that the rule to strike must be discharged.